Robert D. PRESTON, as Commissioner of
Insurance, Commonwealth of Ken-
tucky, Petitioner,

v.

Honorable Henry MEIGS, II, Judge of the
Franklin Circuit Court, and Nationwide Mu-
tual Insurance Company, Respondents.

Court of Appeals of Kentucky.

Feb. 26, 1971.

Lloyd Graper and Charmaine Marlowe, Dept. of Insurance, Frankfort, for petitioner.

Henry Meigs, II, Judge, Franklin Circuit Court, Frankfort, Donald P. Moloney, Lexington, J. Roth Crabbe, David L. Maynard, Columbus, Ohio, for respondents.

REED, Judge.

The Commissioner of Insurance seeks to invoke the original jurisdiction of this court under Section 110 of the Constitution of Kentucky, and to thereby secure the issuance of an order of prohibition addressed to the respondent judge of the Franklin Circuit Court in which it would be directed that the respondent has no jurisdiction to hear and determine a declaratory judgment action now pending in the court over which he presides. This suit is styled "Nationwide Mutual Insurance Company v. Commonwealth of Kentucky, Department of Insurance, and Robert D. Preston, Commissioner of Insurance." Complex and delicate questions of the proper relationship between courts and administrative agencies underlie the dispute. Un-

der accepted judicial procedure, however, we are rather narrowly confined in the extent of action we may properly take because of the manner in which the issue is posed.

Nationwide Mutual Insurance Company is engaged in the property and casualty insurance business and is licensed to do business in Kentucky. This insurer adopted a company-wide corporate policy applicable to all states in which it does business, effective September 1, 1970, by which it refused to accept applications for automobile insurance from customers new to it. It sought to confine its Kentucky automobile insurance business to renewals of existing policies. It, nevertheless, proposed to continue to accept new business by which it would insure new customers for other types of property and casualty insurance. A deputy commissioner of insurance and the Department's general counsel advised Nationwide that this corporate underwriting policy would have the effect of causing the insurer to be in violation of several provisions of the Kentucky Insurance Code.[1] The Code is a statutory scheme for regulation of the insurance business in this state; the primary function of regulation is placed in the Insurance Department and in the Commissioner of Insurance as head of that department.

The insurer first requested a hearing before the Commissioner of Insurance but before notice of hearing was issued the request was withdrawn and Nationwide filed the declaratory judgment action in the Franklin Circuit Court against the Insurance Department and its commissioner. Nationwide sought a declaration of rights to the effect that the adoption of the corporate underwriting policy was not in violation of any statute of the state nor of any rule or regulation of the Insurance Department and that any effort to revoke or suspend its license or to administer other punishment because of the adoption of the underwriting policy would be in ex-

cess of the powers granted under the Insurance Code and would be unconstitutional, illegal and void. The insurer also asked the trial court to find that it was unnecessary to pursue or exhaust the administrative remedies provided by the Code. By agreed order a temporary injunction was issued prohibiting the Commissioner from taking any action so far as Nationwide was concerned during the pendency of the declaratory judgment action. The Commissioner thereupon applied to this court for an order of prohibition which would direct the circuit court not to proceed further in the pending declaratory judgment action or take any further steps therein.

The Commissioner had issued a notice of administrative hearing after the institution of the declaratory judgment action. The notice set out in detail various assertions concerning the effect of the adoption of the underwriting policy as evidence of lack of present financial stability of the insurer, and concerning impermissible deleterious effects upon insurance-purchasing citizens of the state, upon other competing insurers, and upon the insurer's own agents. Among the assertions was one which posed a question concerning whether the effect of the adopted underwriting policy so affected a recently granted premium rate increase, which the Commissioner had granted the insurer, as to render the increased premium rate excessive. Another assertion in the notice posed the question concerning whether the express reason for the adoption of the underwriting policy indicated the necessity for examination of the insurer's current financial status so that a determination in the public interest could be made as to whether the company is sufficiently financially stable to continue to write insurance business in this state. This notice of hearing was appended to a motion to dismiss Nationwide's complaint for a declaratory judgment in the circuit court. The respondent circuit judge overruled the motion to dismiss the complaint and there-

---

1. KRS Chapter 304.

by found that the circuit court had jurisdiction to act.

At the outset it appears that extremely delicate questions of policy are presented by the institution of the declaratory action. We feel perfectly safe in assuming that the able and experienced trial judge is as aware of this problem as we are. On the one hand, it is surely true that when the legislature has by statutory scheme vested primary jurisdiction to regulate an industry or activity in an administrative agency, there are strong and compelling reasons for the courts to respect not only the legislative directive, but also to seek and give credence to administrative determinations in the regulated area. This is vital, if for no other reason than to assure uniform and consistent regulation of the concerned industries or activities in the public interest. On the other hand, however, the courts cannot abdicate their constitutional role to afford effective relief from arbitrary action. Therefore, the ultimate issue to resolve in deciding the question of whether a court should initially determine a legal question arising from administrative regulation or asserted authority is at what point should a court intervene in the dispute. This necessary decision inevitably involves a balancing of policy considerations. What are the imminent consequences to the party subject to administrative regulation if the court defers a decision until the administrative agency has completed action, as weighed against the ultimate consequences inimical to consistent and uniform regulation in protection of the public interest by the administrative agency where the court intervenes precipitously?

Nationwide argues in this case that there are no issues of fact but only a question of law to resolve. That condition does not appear to be present beyond cavil. While it is true that there are no controversies concerning the adoption of the underwriting policy and what it is, and there is no controversy concerning the statutory language of the Insurance Code, it would appear that there may well be an issue concerning whether the adopted policy, in its operation, has so affected the insurer's method of doing business to bring into application plainly expressed statutory standards. This element can only be determined when the factual picture is presented, and the assessment of that factual picture might well require the application of knowledge by a regulator expert in the field. If this proposition be true, then the decision to be made resolves itself into a choice. Should the court choose to hear the evidence and determine whether the underwriting policy has brought about a violation of the statutory standards or should the court allow the Commissioner to hear the evidence and make findings and conclusions that are subject to be suspended as to effect and reviewed as to legal acceptability by the court?

Nationwide recognizes that a party subject to administrative regulation must ordinarily exhaust his administrative remedies, if they are adequate, before he seeks judicial intervention. Nationwide alleged that the Insurance Department has prejudged the matter and an administrative hearing is futile. While it is true the undenied allegations are that the Department has expressed its definite dissatisfaction with the adoption of the underwriting policy, it is not alleged that the Commissioner has taken or threatened any immediate action other than to hold a hearing to determine the factual effects of the policy upon the company's operations as an insurer in this state. The effect of the operation is to be tested by the relevant considerations recited in the statute.

In Harrison's Sanitarium, Inc. v. Commonwealth, Dept. of Health, Ky., 417 S.W. 2d 137 (1967), we held that enforcement of an administrative regulation may be enjoined whenever a violator is subject to criminal penalty where declaratory relief to test the validity of the regulation is pending. In that case we decided that a party may have direct judicial relief without exhaustion of administrative remedies when there are no disputed factual questions to

be resolved and the issue is confined to the validity or applicability of a statute or regulation. In the opinion, however, we carefully pointed out that there is a gray area in determining the proper point of time for judicial intervention where factual circumstances are in dispute which should be explored on a case-by-case basis as the need arises. The situation presented by this case is not a self-executing regulation (as was true in Harrison's), nor is the issue confined to the validity or applicability of the statute. The applicability of the statute is conceded, and although there is no factual dispute concerning the insurer's conduct, we discern the possibility of a necessity for the development of facts concerning what effect the admitted corporate policy has had upon the company's operation both internally and externally in its effect on competitors and the insurance-buying public. Courts should not lightly assume that future administrative action not yet taken will be arbitrary. Pritchett v. Marshall, Ky., 375 S.W.2d 253; Kentucky Milk Mktg. & Anti-Mon. Com'n v. Borden Co., Ky., 456 S.W.2d 831.

Davis, in his Administrative Law Treatise, Sec. 21.08, pp. 179–190, considers the general problem. His basic approach for a proper judicial attitude is stated in Sec. 21.10, pp. 200–207. Is the insurer here immediately confronted with choosing between complying and thereby giving up the chance to challenge and the disadvantage of incurring the risk of substantial criminal or civil penalties? The insurer may challenge in the administrative proceedings and may have judicial review before criminal or civil penalties are enforced if a stay is warranted. The disadvantage of unpleasant publicity probably is a risk inherent in engaging in a regulated industry. These elements properly present themselves for the circuit judge's evaluation which is yet to be made.

The sole basis of the Commissioner's argument for issuance of an order of pro-

hibition is that the circuit court lacks jurisdiction of the subject matter. The reason the circuit court lacks jurisdiction of the subject matter, according to the Commissioner, is that the statutes vests "primary jurisdiction" in the administrative agency. The same legislature, nevertheless, also vests the circuit court with jurisdiction of declaratory judgment actions [2] wherein claims of unconstitutional and arbitrary actions are stated.

The precise function of the doctrine of primary jurisdiction is to guide a trial court in deciding whether the court should refrain from exercising its jurisdiction until after an administrative agency has determined some question or some aspect of some question arising in the proceeding before the court. Davis, Administrative Law Treatise, Sec. 19.01, p. 3. A most recent pronouncement of the doctrine was made by the Supreme Court of the United States in Port of Boston Marine Terminal v. Rederiaktiebolaget, Transatlantic, 400 U.S. 62, 91 S.Ct. 203, 27 L.Ed.2d 203, (Decided December 8, 1970). In that case Mr. Justice Marshall said: "When there is a basis for judicial action, independent of agency proceedings, courts may route the threshold decision as to certain issues to the agency charged with primary responsibility for governmental supervision or control of the particular industry or activity involved." See also Civil Aeronautics Board v. Modern Air Transport, 179 F.2d 622, 625 (C.A. 2nd Cir. 1950).

We conclude that the Commissioner's argument that he is entitled to an order of prohibition because the circuit court lacks jurisdiction of the subject matter falls of its own weight. The doctrine of "primary jurisdiction" clearly recognizes that the court has subject-matter jurisdiction but as a matter of judicial policy should not exercise it in instances where proper judicial administration requires that action be deferred by the court until the agency has

2. KRS Chapter 418.

acted and the court may then review its action.

In Carter Garage v. Tipton, Ky., 452 S.W.2d 415 (1970), we strongly implied that the inferior court's "jurisdiction" within the meaning of the rules applicable to prohibition connotes subject-matter jurisdiction. In Duncan v. O'Nan, Ky., 451 S.W.2d 626, we pointed out that the words "subject matter" in this context do not mean "this case" but this "kind of case." Therefore, in exercising discretion whether to allow invocation of the original jurisdiction of this court to afford extraordinary relief in the form of a supervisory order to an inferior court on the ground that that court is exceeding its "jurisdiction," with no other reason demonstrable for the exercise of our authority, we must require a clear showing of lack of "jurisdiction" by the inferior court. In this case the reason given for such lack of "jurisdiction" demonstrates the very presence of jurisdiction of the subject matter. Therefore, in the interest of consistency in judicial policy, we decline to act.

The respondent circuit judge has decided that he has jurisdiction. It remains for his determination to what extent his jurisdiction will be exercised as to threshold questions. While the administrative agency must not be allowed to effectively accomplish by indirection and through harassment what it could not accomplish directly, neither should the insurer be allowed to become the tail that wags the dog; it should not be allowed to accomplish that which is prohibited by premature resort to the courts and to convert the dispute into a trial of the administrative umpire. The public interest is the paramount consideration. The public interest requires insistence on constitutional guarantees and impartial and consistent regulation of an industry that so vitally affects the preponderant majority of citizens of this state. Many of the difficulties that inhere in the judicial treatment of the basic problem could be resolved by a carefully drawn administrative procedure

act which could provide for declaratory resolution prior to action by the regulated party, and could also assure administrative fact finding by a previously uninvolved and relatively impartial arbiter. In the current state of affairs, however, the courts must fashion relief to the affected interests as best they can within recognized legal principles.

The temporary order of prohibition heretofore issued herein is dissolved. The petition for a permanent writ of prohibition is denied.

All concur.