James HUTTO, Carolyn Hutto, Peter Hutto, and James Construction Company, Inc., Appellants,

v.

Bernard H. BOCKWEG and Selective Securities, Inc., Appellees.

Court of Appeals of Kentucky.

March 23, 1979.

Henry A. Triplett, Hogan, Taylor, Denzer & Bennett, Louisville, for appellants.

F. Thomas Conway, Robinson, Tackett, DeMoss & Conway, Louisville, for appellees.

Before MARTIN, C. J., and GANT and WILHOIT, JJ.

WILHOIT, Judge.

This is an appeal from a summary judgment granted by the Jefferson Circuit Court dismissing the claims of James Hutto, Carolyn Hutto, Peter Hutto, and the James Construction Company against Bernard Bockweg and Selective Securities, Inc., for fraudulent misrepresentations made in the sale of stock to the Huttos. The motion which the court granted asserted that the claims were barred by the statute of limitations section of the Kentucky Blue Sky Law, KRS 292.480(3).

The Huttos stated in their complaint that Bockweg and/or Selective Securities on July 10, 1973, sold 1000 shares of stock in the DMR Company to James Hutto, sold 100 shares to James Hutto as custodian for Peter Hutto, and sold 200 shares to the James Construction Company. The Huttos alleged that it was "fraudulently represented" that the shares had a greater value than they actually had, upon which representation the Huttos relied in buying the stock. The complaint also alleged that on November 5, 1973, James Hutto paid $5,000.00 to Bockweg which Bockweg had fraudulently represented to be "part payment to become an inside shareholder of Selective Securities, Inc." The complaint was filed on April 8, 1977, more than 3 years after these transactions occurred.

The answer of Bockweg and Selective Securities raised the 3-year statute of limitations of KRS 292.480 as a bar to the action. The Huttos subsequently filed an amended complaint challenging the constitutionality of KRS 292.480(3) on the ground that it imposes a 3-year limitation for actions based on fraud in securities transactions while KRS 413.120(12), the general statute of limitation for fraud actions, imposes a 5-year limitation, and that therefore KRS 292.480 is unconstitutional "special legislation." The Attorney General was properly notified that the constitutionality of a statute was being challenged but chose not to enter the action. The trial court dismissed the Huttos' claims, granting summary judgment to Bockweg and Selective Securities.

KRS 292.480(1) authorizes the recovery of civil damages by the purchaser of a security against one who offered or sold the security in violation of the provisions of the Kentucky Blue Sky Law, or who offered or sold the security "by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made in the light of the circumstances under which they are made not misleading (the buyer not knowing of the untruth or omission) . . .." KRS 292.480(3) provides that: "No person may sue under this section more than three (3) years after the contract of sale."

Counsel for the Huttos abandoned at oral argument the first argument made in the brief—i. e., that the Blue Sky Law did not apply here because the statute is directed at unintentional acts rather than at fraudulent misrepresentation such as alleged in this case. We agree that there is nothing in the statute limiting it to unintentional acts and the Blue Sky Law applies to this case.

The Blue Sky Law applies only to the offer or sale of a "security." KRS 292.-480(1). The Huttos concede that the DRM Company stock is a "security" but they argue that the $5,000.00 payment to Selective Securities, Inc., does not fall within the definition of a "security," and, therefore, the 3-year Blue Sky statute of limitations does not apply to that transaction. The definition section of the Blue Sky Law, KRS 292.310, provides in relevant part that:

(13) "Security" means any note, stock, treasury stock, bond, debenture, evidence of indebtedness, certificate of interest or participation in any profit-sharing agreement, collateral-trust certificate, pre-organization certificate or subscription, transferable share, investment contract, voting-trust certificate of deposit for a security; fractional undivided working interest in oil or gas rights; or, in general, any interest or instrument commonly known as a "security," or any certificate of interest in or participation in, temporary or interim certificate for, receipt for, guarantee of, or warrant or right to subscribe to or purchase any of the foregoing.

■ The $5,000.00 payment is characterized as an "inside shareholder fee." According to the Huttos, inasmuch as the definition of security does not include "inside shareholder fee," there was no security involved in the transaction. The letter written by James Hutto to Bernard Bockweg demanding return of the $5,000.00 refers to payment toward an "inside share of Selective Securities." Further, return of the money was being demanded not because shares or certificates had not been delivered but because Selective Securities had not purchased Gen-Mar Pool Company as had been represented to Hutto. In an affidavit, Hutto stated that no stock nor any evidence of ownership had been issued to him, implying that such was contemplated at the time the transaction occurred. Bockweg stated in his deposition that Selective Securities, Inc., was organized under the "Kentucky Ten Man Rule," authorizing ten inside shareholders who "are on the ground floor, so to speak, in that when the shares eventually go public [they] have a preferred position, because usually there's a stock split before the shares are offered to the public." The payment was clearly made to obtain the "insider's stock." Thus, the transaction involved a "security."

The Huttos next argue that the 3-year statute of limitations contained in KRS 292.480(3) violates Sections 59 and 60 of the Kentucky Constitution. Section 59 prohibits the General Assembly from passing local or special acts concerning a number of subjects, including regulation of "the limitation of civil or criminal causes." Section 60 provides in part that "[t]he General Assembly shall not indirectly enact any special or local act by the repeal in part of a general act, or by exempting from the operation of a general act any city, town, district, or county; but laws repealing local or special acts may be enacted." The Huttos assert that inasmuch as there is a general 5-year statute of limitations for actions based on fraud, KRS 413.120(12), the shorter statute of limitations contained in the Blue Sky Law is unconstitutional since there is no reason to make such a distinction between general actions based on fraud and actions based on fraud in stock transactions.

■ The shorter Blue Sky Law statute of limitations has withstood earlier legal challenges. See City of Owensboro v. First U. S. Corporation, Ky., 534 S.W.2d 789 (1975); First State Bank of Pineville v. Slusher, 267 Ky. 190, 101 S.W.2d 661 (1937). Yet, as the Huttos point out, these cases did not expressly consider the validity of the shorter statute of limitations in light of this constitutional argument. The relevant constitutional provisions do not prohibit the legislature from making reasonable classifications—where a classification is made upon a reasonable and natural distinction having a reasonable relationship to the purposes of the legislation, the constitution is not violated. Kentucky Milk Marketing and Anti-Monopoly Comm'n v. Borden Company, Ky., 456 S.W.2d 831 (1970).

While the constitutionality of the Blue Sky Law statute of limitations was not at issue in *City of Owensboro v. First U. S. Corporation*, we believe that the Court in that case recognized the distinction which supports the classification of actions based on fraud into general actions, which have the 5-year statute, and actions based on securities fraud, which have the 3-year statute. The Court explained that "[t]he lot of the [security] seller is made more onerous by the Blue Sky Statute in misrepresentation cases . . . .. Some of the inhibiting strictures of the law of misrepresentation are relaxed and the price exacted is the shortened limitations period." 534 S.W.2d at 791. We believe that the classification is reasonable, and, therefore, the shorter statute of limitations is constitutional.

The Huttos finally argue that the summary judgment should not have been granted because there was an issue of fact remaining as to the application of the statute to Peter Hutto, a minor, and because the limitation period as to the "inside shareholder fee" should have been computed from the date of James Hutto's rescission of that transaction rather than from the date of the sale. With respect to the application of the statute of limitations to the transaction involving the minor, while there is a statutory provision (KRS 413.170) permitting a minor to bring suit within the same number of years after the minor reaches majority, this statute expressly applies only to the actions mentioned in KRS 413.090 to KRS 413.160. There is no such saving statute in the Blue Sky Act. Saving statutes are a matter of legislative choice—there is no authority for a conclusion that such a provision is a constitutional necessity. *Fann v. McGuffey*, Ky., 534 S.W.2d 770, 778 (1975).

The argument that the 3-year statute should not have begun to run until the date James Hutto rescinded the "inside shareholder fee" is refuted by the statute. KRS 292.480(3) provides that no person may sue under that section more than 3 years "after contract of sale."

The judgment of the circuit court is affirmed.

All concur.