Louis E. LEMMONS, Jr., and Wanda
Ransom, Movants,

v.

James C. RANSOM, Respondent.

Wanda RANSOM, Movant,

v.

James C. RANSOM, Respondent.

Supreme Court of Kentucky.

May 31, 1984.

William S. Wetterer, Jr., William Clifton
Travis, Ewen, MacKenzie & Peden, P.S.C.,
Louisville, for movants.

J. Leonard Rosenberg, Henry K. Jarrett,
III, Hanish, Davenport, Rosenberg & Wein-
er, Louisville, for respondent.

WINTERSHEIMER, Justice.

This appeal is from a decision of the
Court of Appeals which reversed a summa-
ry judgment by the Jefferson Circuit Court
dismissing the personal injury action of
James C. Ransom as being barred by the
two-year statute of limitations of the No-
Fault Insurance Act. KRS 304.39–230(6).

The principal issue is whether the provi-
sions of Kentucky's "saving" statute, KRS
413.170(1), are applicable only to actions
designated in KRS 413.090–160, or whether
those saving provisions extend to actions in
tort brought under the no-fault law.

James C. Ransom was injured in an auto-
mobile accident in 1975 at the age of 13.
He reached the age of majority on Septem-
ber 8, 1980, and filed a lawsuit on August
31, 1982, to recover for his personal inju-
ries. At the time of the accident, he was
covered by the provisions of the no-fault
insurance law. KRS 304.39. His injuries
were such that his claim exceeded the
threshold limits, thereby affording him the
right to file a tort action against the negli-
gent party.

The circuit court dismissed James Ran-
som's complaint as barred by the two-year
statute of limitations under the no-fault
law, holding that the saving statute, KRS
413.170(1) was not applicable. The trial
judge relied on *Hutto v. Bockweg*, Ky.App.,
579 S.W.2d 382 (1979), as its authority.
The Court of Appeals reversed the decision
and remanded the case to circuit court.
Both Louis E. Lemmons, Jr. and Wanda
Ransom sought discretionary review.

This Court affirms the decision of the Court of Appeals because an infant or person under disability having a cause of action arising from injuries received in a motor vehicle accident has two years after the attainment of his majority or release from disability in which to file a tort liability claim. This right has not been affected by the no-fault statute.

The infant child's claim for tort damages has not been abolished under Kentucky's no-fault law, or KRS 304.39, and may be timely brought within two years of the infant's majority. KRS 304.39 does not create a new cause of action but limits a pre-existing claim for relief.

Here, this claim arises from the common law which is not a statutory creation. It is a cause of action mentioned in KRS 413.-140(1)(a). This action is distinguishable from the facts and type of cause of action set forth in *Hutto, supra.* Reliance on *Hutto* is misplaced because the rationale of that case is inapplicable here. *Hutto* involved a statute dealing with the sale of securities. KRS 292.480(3). It was held that the saving statute had no application and the claim was barred. The no-fault law is not to be construed to deny those under age or under disability the benefit of the general saving statute applicable to personal injury claims. KRS 413.140(1)(a) and KRS 413.170(1).

The *Hutto* decision relates to a separate body of highly specialized commercial securities law. The law contains its own statute of limitations and has a principal concern to eliminate fraud in the sale of securities. The no-fault law does not constitute a separate body of law. It affects only a part of the personal injury field of tort relating to automobile accidents.

Here the statute of limitations in KRS 304.39–230(6) modifies only that language contained in KRS 413.140 and does not abolish the entire statute of limitations for those torts arising from motor vehicle accidents. Consequently KRS 413.170 tolls the two-year statute of limitations under the no-fault statute in cases of minors and persons under disability. *See Everman v. Miller,* Ky.App., 597 S.W.2d 153 (1979), and *Tucker v. Johnson,* Ky.App., 619 S.W.2d 496 (1981).

Lemons and Wanda Ransom argue that the language of *Fann v. McGuffey,* Ky., 534 S.W.2d 770 (1975), regarding the saving statute was dicta. The principal purpose of *Fann* was to determine the constitutionality of the no-fault act and to consider the overall impact of the no-fault law on all aspects of its application. The Court correctly recognized the problem of limitations as to minors and people under disability and interpreted the act accordingly stating, "This provision remains subject to KRS 413.170(1), which extends the limitation period for infants and persons of unsound mind."

The Kentucky General Assembly has not amended paragraphs 304.39–230(6) since the issuance of the *Fann* decision in 1975.

It is the holding of this Court that an infant or a person under disability who has a cause of action arising from injuries received in an automobile accident has two years after the attainment of majority or release from disability in which to bring a tort liability action.

Consequently James C. Ransom's claim for his common-law remedy was timely filed. The decision of the Court of Appeals is affirmed and this case is remanded to the circuit court for trial.

All concur.