William Dale JACKSON and Next Friend, Clancy Jackson, Appellants,

v.

STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, Appellee.

No. 91–SC–514–DG.

Supreme Court of Kentucky.

Sept. 24, 1992.

Darrell L. Saunders, Corbin and J.B. Johnson, Jr., Williamsburg, for appellants.

Perry M. Bentley and Robert Rodriguez, Stoll, Keenon and Park, Lexington, for appellee.

REYNOLDS, Justice.

The issue we decide is whether the relevant statute of limitation has run and therefore precludes an infant from pursuing his statutory claim for survivor's benefits.

William Jackson was five years of age at the time his father died in an automobile accident that occurred March 2, 1981. One year, five months and eleven days later (August 13, 1982), a survivor's claim was filed on the infant's behalf seeking benefits under the No–Fault Act, KRS Chapter 304. As the father was a passenger in an uninsured vehicle at the time of the fatal wreck, the claim for benefits was filed with the Kentucky Assigned Claims Bureau which, in turn, assigned it to appellee. The claim was denied upon the reasoning that Jackson had failed to file within the necessary time limit.

This action, demanding payment of benefits, was filed February 1, 1988, against the appellee carrier by Clancy Jackson as the infant's next friend. The trial court entered a judgment for the plaintiff in the amount of $10,000, being the agreed upon value of the survivor's benefits claim, if not barred.

The Court of Appeals reversed the trial court judgment and held that the infant's minority did not toll the one year statute of limitations. Discretionary review was granted.

A person authorized to obtain basic reparation benefits through the assigned claims plan shall notify the bureau of the claim within the time that would have been allowed for commencing an action for those

benefits if there had been identifiable coverage in effect and applicable to the claim. KRS 304.39–180. This particular limitation is codified in KRS 304.39–230 and with reference to subsection (2) which provides:

> If no basic or added reparation benefits have been paid to the decedent or his survivors, an action for survivor's benefits may be commenced not later than one (1) year after the death or four (4) years after the accident ... whichever is earlier.

If an assigned claims application is timely presented and ultimately rejected, the disapproved claimant has 60 days from the date of the rejection to file a civil action for the requested benefits. KRS 304.39–230(4).

As William's initial application for benefits was not made before March 2, 1982, being within one year of the death of his father, the Court of Appeals gave consideration to KRS 304.39–230(5) which provides:

> If a person entitled to basic or added reparation benefits is under legal disability when the right to bring an action for the benefits first accrues, *the period of his disability is a part of the time limited for commencement of the action.* (Emphasis added.)

Appellants stress that a correct interpretation of the statute aforesaid is that the term of legal disability is added to the one year limitation period and that William, who is now 17 years of age, was entitled to have his disability period tacked onto the statutory limitation period.

The validity and constitutionality of the no-fault automobile insurance law and the rights of action enunciated therein by the legislature was upheld in *Fann v. McGuffey*, Ky., 534 S.W.2d 770 (1975).

The 1974 Kentucky No–Fault Act was patterned, in part, from the Uniform Motor Vehicle Accident Reparations Act (UMVARA). Subsection 28(f) of UMVARA sets forth a limitation for bringing legal action for a person under legal disability. The section provides:

> If a person entitled to basic or added reparation benefits is under legal disability when the right to bring an action for the benefits first accrues, the period of his disability is *not* a part of the time limited for commencement of the action. (Emphasis added.)

The Kentucky Legislature notably provided a distinguishing factor between subsection 28(f) and KRS 304.39–230(5). The Kentucky Act omits the word "not." The commentary for subsection 28(f), UMVARA, states that subsection 28(f) is optional depending on whether the state's general statutes tolling limitation would apply to this specific statute. Said otherwise, this statute is to be utilized only if the particular state does not have a general saving statute which would protect minors.

Kentucky has a saving statute, KRS 413.170(1), and it provides:

> If a person entitled to bring any action mentioned in KRS 413.090 to 413.160, except for a penalty or forfeiture, was, at the time the cause of action accrued, an infant or of unsound mind, the action may be brought within the same number of years after the removal of the disability or death of the person, whichever happens first, allowed to a person without the disability to bring the action after the right accrued.

While no Kentucky legislative history is apparent regarding the drafting of this specific statute, there is marked referral to it in *Fann v. McGuffey, supra* at p. 775. We note the reference to the statute of limitations:

> An action for tort recovery not foreclosed by KRS 304.39–060 must be commenced within two years after the injury or death or after the last payment of no-fault benefits, whichever is later.... This provision remains subject to KRS 413.170(1), which extends the limitation period for infants and persons of unsound mind. Limitations on actions for no-fault benefits vary from one to four years after the accident or after the last payment of benefits, but are not pertinent to this inquiry except for KRS 304.-39–230(5), which provides as follows:
>
> > If a person entitled to basic or added reparations benefits is under legal disability when the right to bring an ac-

**498**

tion for the benefits first accrues, the period of his disability is a part of the time limited for commencement of the action.

Further, in *Fann, supra,* at p. 778, it was stated:

Heretofore our statutes of limitation have been extended to permit one who is a minor when a right of action accrues in his behalf to bring suit within the same period of time after he reaches his majority.... (KRS 413.170[1]). To the extent that KRS 304.39–230(5) may provide otherwise it is claimed to be invalid....

The limitation statute relating to minors and other legally disabled persons does not start the period running anew when the disability is removed and, in this case, such as reaching majority, even though William was under a legal disability at the time the cause of action accrued. (KRS 304.39–230[5]). With the no-fault enactment, the period of disability is included in the time provided for the commencement of the action and this court in *Fann, supra,* has noted the provision valid as a matter of legislative choice. This time limitation affects only the actions brought under the No–Fault Act.

■ Appellants state that if the omission of the word "not" from the statute was free of clerical error, then subsection (5) becomes ambiguous or constitutionally infirm due to vagueness. Ambiguity appears to have been first raised on the appeal to this Court. Deciding questions not in issue is not an appropriate function of appellate review. *Vaughn v. Asbury,* Ky.App., 726 S.W.2d 315, 317 (1987). *See also Personnel Board v. Heck,* Ky.App., 725 S.W.2d 13, 18 (1986). We assign no error on any of such grounds. When considered with the corresponding provisions of the UM-VARA in relation to KRS 304.39–230(5), the statutory intent is clear. The legislature has neither amended nor modified the statute since the 1974 enactment or the unobscured reference to KRS 413.170(1) and KRS 304.39–230(5) in *Fann, supra.*

KRS 413.170(1) is the general saving statute for those entitled to bring an action set forth in KRS 413.090—.160. The mi-

nor's right was present before enactment of no-fault as to those actions identified in the general saving statute. Thirty years later, KRS 304.39–230(5) was specifically created to address claims for survivor's benefits pursuant to the No–Fault Act. It is often stated that a special statute preempts a general statute in that the later statute is given effect over an earlier statute. *Troxell v. Trammell,* Ky., 730 S.W.2d 525 (1987). The later statute prevails.

Appellants use the case of *Lemmons v. Ransom,* Ky., 670 S.W.2d 478 (1984) to support their quest for an extension of statutory savings provisions. *Lemmons,* supra, enunciated that the principal issue is whether the provisions of the Kentucky savings statute, KRS 413.170(1), are applicable only to actions designated in KRS 413.090–160 or whether those savings provisions extend to actions in *tort* brought under the no-fault law. Ransom was a minor injured in an automobile accident who sought to recover for his personal injuries and whose injuries were such that his claim exceeded threshold limits. The infant child's claim for tort damages was held not to have been abolished under Kentucky's no-fault law or KRS 304.39 and could be timely brought within two years of the infant's majority. The opinion further held and considered that the statute of limitations and KRS 304.39–230(6) modified only that language contained in KRS 413.-140 and did not abolish the entire statute of limitations for those torts arising from motor vehicle accidents.

The action in this case is a newly created one and is subject to the limitation of KRS 304.39–230(5). The origin of the claim, unlike Ransom's, was not from common law.

This case does not challenge nor do we rule upon the constitutionality of KRS 304.-39–230(5). Such matter evolved, albeit by dicta of the Court of Appeals' opinion. As the question of constitutionality was first referenced in appellant's brief and oral argument to this Court, we hold that it was never properly raised or preserved by any party.

The opinion of the Court of Appeals is affirmed.

STEPHENS, C.J., and LEIBSON and SPAIN, JJ., concur.

LAMBERT, J., concurs by separate opinion in which LEIBSON, J., joins.

WINTERSHEIMER, J., dissents by separate opinion in which COMBS, J., joins.

LAMBERT, Justice, concurring.

I am compelled to concur with the majority opinion because the language of KRS 304.39–230(5) and the intent of the Legislature is clear. However, I write separately to denounce this statute for barring the claim of a five-year-old child because he failed to apply for benefits within one year after his father's death. Throughout the law are statutes which exempt persons under legal disabilities from compliance with statutes of limitation until the disability is removed. I am unaware of any other statute which imposes upon an infant the duty to come forward during his minority and assert a claim or have it extinguished.

The Motor Vehicle Reparations Act, KRS 304.39–010, *et seq.*, became effective on July 1, 1975, and has as one of its stated purposes:

> "To provide prompt payment to victims of motor vehicle accidents without regard to whose negligence caused the accident in order to eliminate the inequities which fault-determination has created." KRS 304.39–010(2).

As a part of the Act, tort liability was abolished for damages to the extent that basic reparation benefits were payable therefore (KRS 304.39–060), unless the provisions of the Act had been rejected (KRS 304.39–060(4)). As a result of the implied acceptance of the Act by this infant's father, no rejection having been executed, the right of the infant to bring an action for recovery of those items designated as basic reparation benefits was destroyed and with it was destroyed KRS 413.170(1), a saving statute which protects persons under legal disabilities. Thus, as a result of the Motor Vehicle Reparations Act, rights this child would have had were taken from him and with those rights the protection of the saving statute was also taken. In their place, the child was provided a right to basic reparation benefits with the millstone of a strict one-year period of limitation attached to it. When the Motor Vehicle Reparations Act is applied to the facts of this case, its stated policy of prompt payment to victims and elimination of inequities is tragically defeated and the result morally reprehensible.

It is inconceivable that a majority in the Kentucky House of Representatives, a majority in the Kentucky Senate, and the Governor of Kentucky would knowingly approve a statute which may literally take food from the mouth of an orphan. Nevertheless, this is precisely the result the Legislature and the Governor achieved with KRS 304.39–230(5).

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent from the majority opinion because application of the majority opinion would close the door of opportunity created by the stated policy and purpose of K.R.S. 304.39–010, the no-fault act. The protection of the saving statute should apply to Jackson and other persons who are under a legal disability in the same manner that it applies to minors and other persons under disability pursuant to *Lemmons v. Ransom*, Ky., 670 S.W.2d 478 (1984). *Lemmons, supra*, provided that K.R.S. 413.170(1), the so-called "saving statute" is available to suspend the limitation periods set forth in the no-fault law. Although it could be argued that this position is not the holding of *Lemmons*, a more enlightened view would recognize the fundamental right of a person under legal disability and apply such rights equally to a claim of a minor for reparations benefits. It is the protection of the minor which is paramount and not an interpretation of the law which actually reduces the protection afforded minors.

We recognize that the concern in *Lemmons* was with the common-law tort claim of the minor but it is clear that an extension of that holding to the no-fault act

generally for the protection of a minor is a reasonable interpretation of the statute.

I believe a better approach would be to determine that the causes of action available to Jackson are either statutory or contractual and because all such causes of action are noted in K.R.S. 413.090–160, the provisions of K.R.S. 413.170(1) toll the one-year statute of limitation provided in the no-fault act at this time.

COMBS, J., joins in this dissent.