COMMONWEALTH of Kentucky, TOUR-
ISM CABINET, Department of Parks and
Kentucky Personnel Board, Appellants,

v.

Rita A. STOSBERG, Appellee.

No. 95–CA–1304–MR.

Court of Appeals of Kentucky.

July 18, 1997.

Ordered Published by
Court of Appeals July 18, 1997.

Henry J. Curtis, Frankfort, for Appellants.

Paul F. Fauri, Frankfort, for Appellee.

Before ABRAMSON, HUDDLESTON
and MILLER, JJ.

*OPINION*

ABRAMSON, Judge:

The Franklin Circuit Court entered a judgment directing reinstatement of appellee Rita Stosberg to her former state government position for failure of the Commonwealth of Kentucky, Tourism Cabinet, Department of Parks (hereafter the "Cabinet") to comply with statutory requirements for involuntary transfers. In its appeal, the Cabinet advances two basic arguments for reversal: 1) that Stosberg's resignation while her case was pending before the Kentucky Personnel Board rendered the case moot and deprived the circuit court of jurisdiction; and 2) that the circuit judge abused his discretion in setting aside the Board's order of dismissal as it was based on substantial evidence and applied the correct rule of law. We disagree and affirm.

In January 1991, Stosberg, then a Park Manager Senior at E.P. Tom Sawyer State Park, applied by letter for a Park Manager Chief position at Pennyrile State Resort Park. However, on March 8, 1991, prior to being interviewed or taking other action to obtain the Pennyrile job, Stosberg drafted a memorandum informing her local supervisor, Blueford Rice, that she was withdrawing her application. This memorandum remained in Stosberg's briefcase while she attended an out-of-state park management conference and Rice did not receive it until March 21, 1991. While Stosberg was still at the West Virginia conference, Kentucky Parks Commissioner Rapier Smith notified her by telephone on March 12, 1991, that she was being promoted to the position of Park Manager Chief at Natural Bridge State Resort Park in Powell County. This position was never ad-

vertised by the Cabinet, nor applied for by Stosberg. Stosberg informed Commissioner Smith during that conversation that she was not interested in transferring to Natural Bridge and that she was withdrawing her application for the Pennyrile position. Stosberg subsequently discussed her objection to the transfer with Cabinet Secretary Ron Gentry and Commissioner Smith at meetings on March 18 and March 25, 1991. Stosberg thereafter declined to execute a voluntary transfer form received in a letter from Cabinet Personnel Director W. Gayle Faust informing her that the transfer was to take effect on April 1, 1991.

Stosberg was notified by letter dated March 27, 1991, that she was being temporarily assigned to Natural Bridge and that she would be permanently transferred to that location as of May 1, 1991. Faust explained in the letter that the transfer was being effected because of the outstanding job Stosberg had done at Sawyer Park and because she had complained about being overlooked for promotions in the past. He noted that four other employees were being transferred to accommodate Stosberg's "request" and concluded by informing Stosberg of her right to appeal to the Personnel Board. Although Stosberg again informed Rice by letter that she did not desire the transfer, she nevertheless complied with the temporary assignment, commuting to Natural Bridge from Louisville beginning April 16, 1991.

Stosberg formally lodged an appeal with the Personnel Board on April 26, 1991. When her temporary assignment to Natural Bridge ended on May 1, 1991, Stosberg reported to work and submitted her resignation, advising her supervisors that the involuntary transfer gave her no other option. The Board subsequently upheld the decision of the hearing officer that Stosberg's resignation rendered moot the issues raised in that forum and dismissed her appeal. The Franklin Circuit Court set aside the order of dismissal and directed the Board on remand to determine whether Stosberg had voluntarily resigned her employment with the Commonwealth and to resolve any issues concerning the validity of the involuntary transfer.

After an evidentiary hearing conducted on December 3, 1993, the hearing officer issued an order recommending dismissal of the appeal on the basis that: 1) Stosberg had voluntarily resigned; 2) her transfer to Natural Bridge was not involuntary within the meaning of KRS 18A.005(34); and 3) there was no evidence of arbitrary action or retaliatory conduct on the part of the Commonwealth. The Board upheld the recommendation of dismissal, but amended the findings to state that the Cabinet's actions must be deemed a de facto involuntary transfer because Stosberg was given notice of her appeal rights for such action. The circuit court again reversed the decision of the Board, ordering Stosberg's reinstatement to her former position at Sawyer Park with attendant back pay, raises and benefits. This appeal followed.

■ The Cabinet first insists that Stosberg's resignation from state service deprived both the Board and the circuit court of jurisdiction to consider her appeal because her claim is now moot. In support of its mootness argument, the Cabinet cites *Shelby Petroleum Corp. v. Croucher,* Ky.App., 814 S.W.2d 930, 933 (1991) which, in turn, quotes the following from *Louisville Transit Company v. Dept. of Motor Transportation,* Ky., 286 S.W.2d 536, 538 (1956):

A moot case is one which seeks a judgment on a pretended controversy, when in reality there is none, or a decision in advance about a right before it has been actually asserted and contested, or a judgment upon some matter which, when rendered, for any reason, cannot have any practical effect upon a then existing controversy.

Applying these precepts to this case, there is certainly no "pretended controversy" on this appeal. Stosberg still sharply disputes her involuntary transfer and seeks reinstatement, while the Cabinet continues to defend vigorously its actions. Obviously the dispute does not involve an advance determination before a particular right has been asserted and challenged. The focus is entirely on completed acts. Finally, it strains reason to argue that the judgment rendered in this case by the circuit court, requiring Stosberg's reinstatement, can have no practical

effect on an existing controversy. The judgment will definitely resolve the parties' dispute. In short, this case defies categorization as "moot."

Moreover, the Cabinet's reliance upon case law dealing with *voluntary* resignations merely begs the question. The critical inquiry is whether the Cabinet's transfer of Stosberg to a position she did *not* seek, and refused to accept, was in fact a constructive discharge. If so, her resignation was scarcely voluntary. *Cf. Civil Service Commission v. Tankersley*, Ky., 330 S.W.2d 392 (1959).

Although the Cabinet has throughout these proceedings attempted to characterize the transfer to Natural Bridge as a promotion, the Board recognized in its final order that the Cabinet itself had handled the matter as an involuntary transfer. This court has reviewed the record and finds more than substantial evidence that Stosberg was, in fact, involuntarily transferred. As the circuit court noted, the statutory definition of "penalization", KRS 18A.005(17), specifically encompasses involuntary transfers. Thus, there can be no doubt that the jurisdiction of the Personnel Board was properly invoked prior to Stosberg's resignation. Furthermore, in our opinion, the evidence before the Board was so overwhelming as to compel a finding that Stosberg's resignation was not voluntary, but a reasonable response to the involuntary transfer forced on her by the Cabinet. Stated differently, Stosberg was justified in construing the Cabinet's action as constituting a constructive discharge.

Although Kentucky courts have not addressed the parameters of constructive discharge, the commonly accepted standard is whether, based upon objective criteria, the conditions created by the employer's action are so intolerable that a reasonable person would feel compelled to resign. *See e.g., Darnell v. Campbell County Fiscal Court,* 731 F.Supp. 1309 (E.D.Ky.1990). *See also Humana, Inc. v. Fairchild,* Ky.App., 603 S.W.2d 918 (1980). Stosberg plainly states in her letter that the involuntary transfer gave her no option other than to resign the Natural Bridge position, a reasonable response under the circumstances presented. Additionally, the Cabinet's handling of her "pro-

motion" clearly demonstrates that it too considered the transfer to be a penalization, requiring notification of appeal rights. On these facts, we have little difficulty in concluding that Stosberg was constructively discharged and that this case is not moot due to Stosberg's resignation. In so finding we have considered and specifically reject the Cabinet's contention that Stosberg's only available alternatives were to "accept" the involuntary transfer and work at Natural Bridge while this appeal was pending or refuse to transfer and be dismissed, presumably for cause.

Turning to the merits, we are not persuaded that the circuit judge abused his discretion in setting aside the Board's dismissal of Stosberg's case and ordering her reinstatement. Although the Cabinet argues that the Board's decision was supported by substantial evidence and complied with applicable law, we are convinced that the trial judge properly recognized that Stosberg's involuntary transfer was void as a matter of law.

█ The Board's final ruling attempts to create a hybrid situation, founded upon the theory that the Cabinet's action subjected Stosberg to both an involuntary transfer and a promotion. In our opinion, such an approach has no basis in the governing statute and is fatally flawed. We agree with the rationale of the trial judge that the Board, having determined that Stosberg had been subjected to an involuntary transfer, erred in further concluding that the same employment action also constituted a promotion which somehow relieved the Cabinet of its responsibilities under KRS 18A.095. Involuntary transfers cannot be visited upon a classified employee with status under the statutory scheme our legislature saw fit to impose unless there is cause for such penalization. Like the courts, the Board is not free to disregard the statutory mandate surrounding a given employment action. Having made the determination that Stosberg was subjected to a de facto involuntary transfer, it had no authority to refuse to implement the protections prescribed in KRS 18A.095. There is no dispute that the Cabinet failed to comply

with the statutory requirements governing involuntary transfers, including specifically the mandatory provision of KRS 18A.095(2) that such penalization be only "for cause." Thus, the trial judge correctly concluded that Stosberg's transfer to Natural Bridge was void ab initio and that she was entitled to reinstatement to her former position. *See e.g., Goss v. Personnel Board* Ky., 456 S.W.2d 822 (1970).

The judgment of the Franklin Circuit Court is affirmed.

All concur.