RENDERED: APRIL 29, 2021
TO BE PUBLISHED

# Supreme Court of Kentucky

2019-SC-0282-DG

PERRY PUCKETT          APPELLANT

ON REVIEW FROM COURT OF APPEALS
V.          NO. 2017-CA-1060
FRANKLIN CIRCUIT COURT NO. 10-CI-01144

CABINET FOR HEALTH AND FAMILY          APPELLEES
SERVICES AND KENTUCKY PERSONNEL
BOARD

**OPINION OF THE COURT BY JUSTICE KELLER**

**<u>AFFIRMING</u>**

Perry Puckett was terminated from his employment with the

Commonwealth of Kentucky Cabinet for Health and Family Services (CHFS) in

2009 for excessive and inappropriate personal email usage. After protracted

litigation through multiple levels of appeals, the Franklin Circuit Court

reversed his termination. CHFS appealed to the Court of Appeals which

reversed the circuit court. This Court granted discretionary review, and after a

careful review of the record and pertinent authority, we affirm the Court of

Appeals.

## I. BACKGROUND

In 2009, Puckett was employed by CHFS as a Disability Adjudicator III –

Trainer. He had been employed by CHFS for over a decade when he was

terminated in 2009 for excessive and inappropriate email usage including sending emails that contained graphic sexual comments and photos, unprofessional language, and derogatory comments about coworkers and supervisors. Significantly, Puckett's termination letter was signed by Jay Klein, a Division Director in the Division of Employee Management at CHFS, purportedly on behalf of J.P. Hamm, CHFS's Human Resources Director. Klein signed Hamm's name, followed by a diagonal slash and his own initials (JK). Hamm had been appropriately delegated appointing authority by the Secretary of CHFS, but Klein had not.[1] Because the question before us does not involve the merits of Puckett's termination, we will not discuss the underlying facts in great detail. Instead, we will focus our discussion on the long procedural history of this case.

After receiving the termination letter, Puckett timely appealed his termination to the Kentucky Personnel Board (the Board). A hearing was held before a hearing officer at which several CHFS employees testified, including Klein. During CHFS's opening statement, counsel for CHFS stated that Klein made the final determination to terminate Puckett. Sean Estep, Human Resources Administrator for CHFS, testified at the hearing and twice referred to Klein as the appointing authority charged with making termination decisions. Klein himself testified that he was the appointing authority for disciplinary actions and that part of his job was to review final disciplinary actions and

---

[1] In this Opinion, we assume without deciding that Klein did not possess the requisite authority to terminate Puckett.

"sign off" on said actions. No witness was asked, and no witness testified as to, who actually signed Hamm's name on Puckett's termination letter. However, during his testimony, Klein acknowledged signing Hamm's name, followed by his own initials, on another document relating to a different employee, and this document was admitted into evidence, by stipulation, at the hearing.

After an evidentiary hearing, the hearing officer issued a recommended order finding that Puckett's punishment was disproportionately harsh and recommending that the termination be reduced to a 30-day suspension. CHFS filed exceptions to the hearing officer's recommended order, and Puckett did not. The Board rejected the hearing officer's recommended order and instead imposed Puckett's termination. Puckett then timely petitioned the Franklin Circuit Court for review of his termination.

While the case was pending in Franklin Circuit Court, Puckett's attorney learned, through discovery in a separate, unrelated case, that Klein had actually signed Hamm's name to Puckett's termination letter. Also while Puckett's case was pending, it became clear that Klein did not have the requisite appointing authority to terminate CHFS employees. Based on this new knowledge, Puckett moved to amend his complaint in circuit court to include a claim that Puckett's termination was null and void because the person who signed the termination document lacked appointing authority to terminate him. He further moved for a stay of the proceedings in circuit court so that the matter could be remanded to the Board for consideration of whether his termination was void. The circuit court granted both of these motions.

CHFS then filed both a petition for a writ of prohibition and an interlocutory appeal in the Court of Appeals. The writ petition asked the Court of Appeals to prohibit the circuit court from enforcing its order remanding the case back to the Board. The Court of Appeals denied the writ petition holding that the circuit court acted within its jurisdiction in remanding the case back to the Board. *Ky. Cabinet for Health & Family Servs. v. Puckett*, No. 2012-CA-002195-OA (Ky. App. June 10, 2013). In the interlocutory appeal, the Court of Appeals held that Puckett's "amended complaint properly asserts a claim for declaratory relief which is not barred by the doctrine of sovereign immunity." *Cabinet for Health & Family Servs. v. Puckett*, No. 2012-CA-002165-MR, 2014 WL 689094, at *1 (Ky. App. Feb. 21, 2014).

Following the Court of Appeals' rulings, the Board took up the case on remand from the circuit court. A hearing officer held another evidentiary hearing and issued a recommended order. The hearing officer concluded that the Board had no authority to decide whether Puckett's termination was void due to Klein's lack of appointing authority because there was no evidence of fraud or misconduct on the part of CHFS and the issue had not been raised or preserved before the Board previously. Puckett filed exceptions to the hearing officer's recommended order; however, the Board adopted the hearing officer's recommended order in its entirety.

Puckett then moved the circuit court to re-activate the case and for leave to file another amended complaint to include review of the Board's most recent order. An agreed order was entered lifting the stay and allowing the amended

4

complaint to be filed. After briefing and argument, the circuit court entered an opinion and order reversing the Board's original order terminating Puckett, finding that the Board lacked substantial evidence to terminate Puckett and that its decision was arbitrary. Interestingly, the circuit court never addressed the issue on which it remanded the case to the Board, whether Puckett's termination was void due to Klein's lack of appointing authority. CHFS appealed to the Court of Appeals.[2]

The Court of Appeals reversed the circuit court holding, in short, that the circuit court substituted its own judgment for that of the Board and that substantial evidence supported Puckett's termination. Relevant to this appeal, the Court of Appeals declined to address Puckett's argument that his termination was void because Puckett did not properly preserve that argument for appeal and CHFS did not commit fraud or misconduct.

Puckett filed a motion for discretionary review with this Court which we granted to determine, essentially, whether the circuit court's remand to the Board was proper.

## II. STANDARD OF REVIEW

This case primarily involves the interpretation of Kentucky Revised Statute (KRS) 13B.150. "Because the construction and application of statutes is a question of law, it is subject to de novo review on appeal." *Osborne v. Commonwealth,* 185 S.W.3d 645, 648 (Ky. 2006).

---

[2] Puckett cross-appealed on issues unrelated to that before us today.

### III.  ANALYSIS

**1. Preservation**

Because Puckett was a classified employee with status, he could only be dismissed with cause. KRS 18A.095(1). KRS 18A.095(7)(c) allowed Puckett to appeal his dismissal to the Board within sixty (60) days of the dismissal. He did so. An administrative hearing on his dismissal was then "conducted in accordance with KRS Chapter 13B." KRS 18A.095(17). As previously explained, the hearing officer found Puckett's termination to be unduly harsh and recommended only a 30-day suspension. Puckett did not file exceptions to anything in the hearing officer's recommended order, but CHFS did. After the Board entered an order in favor of CHFS, Puckett petitioned the Franklin Circuit Court for review of his termination in accordance with KRS 13B.140 which subjects all final orders of an agency to judicial review.

"It is well settled that failure to raise an issue before an administrative body precludes the assertion of that issue in an action for judicial review." *Urella v. Kentucky Bd. of Med. Licensure*, 939 S.W.2d 869, 873 (Ky. 1997) (citing *Jackson v. State Auto. Mut. Ins. Co.*, 837 S.W.2d 496, 498 (Ky. 1992); *Personnel Bd. v. Heck*, 725 S.W.2d 13, 17 (Ky. App. 1987)). "Under Chapter 13B, the filing of exceptions provides the means for preserving and identifying issues for review by the agency head. In turn, filing exceptions is necessary to preserve issues for further judicial review." *Rapier v. Philpot*, 130 S.W.3d 560, 563 (Ky. 2004). By failing to file an exception regarding the appointing authority of Klein, Puckett failed to preserve this issue for judicial review. We

6

have previously made clear that failure to follow this preservation rule "precludes judicial review of any part of the recommended order not excepted to *and* adopted in the final order." *Id.* at 563–64. We have further explained that "when a party fails to file exceptions, the issues the party can raise on judicial review under KRS 13B.140 are limited to those findings and conclusions contained in the agency head's final order that differ from those contained in the hearing officer's recommended order." *Id.* at 564. In this case, the Board's final order did not differ from the hearing officer's recommended order in regard to the authority of Klein to terminate Puckett, as this was never raised as an issue to either the hearing officer or the Board. Accordingly, Puckett could not raise the issue on judicial review under KRS 13B.140.

Once before the circuit court, that court's review of the agency's order is "confined to the record, unless there is fraud or misconduct involving a party engaged in administration of [Chapter 13B]." KRS 13B.150(1). The circuit court

> may affirm the final order or it may reverse the final order, in whole or in part, and remand the case for further proceedings if it finds the agency's final order is:
>
> (a) In violation of constitutional or statutory provisions;
> (b) In excess of the statutory authority of the agency;
> (c) Without support of substantial evidence on the whole record;
> (d) Arbitrary, capricious, or characterized by abuse of discretion;
> (e) Based on an ex parte communication which substantially prejudiced the rights of any party and likely affected the outcome of the hearing;
> (f) Prejudiced by a failure of the person conducting a proceeding to be disqualified pursuant to KRS 13B.040(2); or
> (g) Deficient as otherwise provided by law.

KRS 13B.150(2). As explained above, the circuit court remanded the case to the Board to address Puckett's claim regarding Klein's authority to terminate him.

Puckett argues the circuit court's remand was proper under KRS 13B.150(1)(a), (d), and (g). We, however, disagree. When considered in light of the evidence before it, the Board's order itself was not "[i]n violation of constitutional or statutory provisions;" "[a]bitrary, capricious, or characterized by abuse of discretion;" or "[d]eficient as otherwise provided by law." The Board did not have any evidence before it regarding Klein's authority, or lack thereof, to terminate Puckett. It had no ability, and no reason, to look outside of that evidence to consider an issue that was never argued before it. The order itself was not in violation of constitutional or statutory provisions. Further, it was not arbitrary, capricious, or an abuse of discretion for the Board to terminate Puckett despite Klein's lack of authority because it was not presented with evidence of that lack of authority. Finally, the order itself was not deficient as otherwise provided by law. Therefore, the Board's termination of Puckett, despite Klein's lack of authority to terminate him, fails to meet any of the criteria for remand as set out in KRS 13B.150(2). Accordingly, the circuit court erred in remanding Puckett's case to the Board under KRS 13B.150(2).

## 2. Doctrine of Primary Jurisdiction

Puckett also argues that under the doctrine of primary jurisdiction, the circuit court's remand to the Board was proper so that the Board could make an initial determination regarding Klein's authority to terminate Puckett. We

8

disagree. We have previously explained that "[t]he precise function of the doctrine of primary jurisdiction is to guide a trial court in deciding whether the court should refrain from exercising its jurisdiction until after an administrative agency has determined some question or some aspect of some question arising in the proceeding before the court." *Preston v. Meigs*, 464 S.W.2d 271, 274 (Ky. 1971). In *Preston*, we quoted United States Supreme Court Justice Marshall, who explained, "When there is a basis for judicial action, independent of agency proceedings, courts may route the threshold decision as to certain issues to the agency charged with primary responsibility for governmental supervision or control of the particular industry or activity involved." *Id.* (quoting *Port of Boston Marine Terminal Ass'n v. Rederiaktiebolaget Transatlantic*, 400 U.S. 62, 68 (1970)).

In this case, the judicial action was not independent of the agency proceedings. Instead, the judicial action was a review of those proceedings. Puckett argues that the determination of whether Klein had the authority to terminate his employment was best left to the Board before the trial court proceeded. The doctrine of primary jurisdiction, however, does not supplant our rules of preservation. It merely "recognizes that the court has subject-matter jurisdiction but as a matter of judicial policy should not exercise it in instances where proper judicial administration requires that action be deferred by the court until the agency has acted and the court may then review its action." *Id.* at 274–75. In this case, the Board had already acted on the issue of Puckett's termination. Although the Board did not decide the specific issue of

9

Klein's authority to terminate Puckett, this issue was never presented to it. As such, in this case the doctrine of primary jurisdiction is not relevant to a determination of whether the circuit court's remand of the matter back to the Board was proper.

### 3. Law of the Case Doctrine

Puckett also argues that the law of the case doctrine prevents a current review of the propriety of the circuit court's remand. Specifically, he argues that the Court of Appeals' decisions in CHFS's prior writ petition and interlocutory appeal from the circuit court's remand order are the law of the case as it relates to whether the circuit court remanded the case to the Board in error.

Under the law of the case doctrine, "if an appellate court has passed on a legal question and remanded the cause to the court below for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case." *Inman v. Inman*, 648 S.W.2d 847, 849 (Ky. 1982) (quoting 5 Am. Jur. 2d *Appeal and Error* § 744). The doctrine, however, is inapplicable in this case, because the Court of Appeals' holdings to which Puckett refers were not on the specific legal issue before us today.

The issue before the Court of Appeals in CHFS's interlocutory appeal was whether sovereign immunity shielded it from Puckett's amended complaint. *Puckett*, 2014 WL 689094, at *1. The Court of Appeals merely held that the "amended complaint properly asserts a claim for declaratory relief which is not

barred by the doctrine of sovereign immunity." *Id.* It did not pass on the propriety of the circuit court's remand to the Board. In fact, the Court of Appeals specifically stated that "other matters, including the circuit court's order remanding this case to the Board, are not before this Court at this time." *Id.* at *4. Accordingly, the Court of Appeals' opinion in CHFS's interlocutory appeal did not create the law of the case on the issue currently before this Court.

In CHFS's petition for a writ of prohibition filed in the Court of Appeals, CHFS argued that the trial court exceeded its jurisdiction when it remanded Puckett's case back to the Board. *Puckett*, No. 2012-CA-002195-OA. Thus, the Court of Appeals' holding in that case was limited to whether the trial court acted within its jurisdiction when it remanded the matter to the Board. Any statements regarding the propriety of the remand were not properly before the Court of Appeals at that time. Therefore, the Court of Appeals' opinion in CHFS's writ case did not create the law of the case on the current issue.

## 4. Void Versus Voidable Action

Finally, Puckett argues that his termination was void ab initio, and therefore, preservation of it is not required. A void action is one that is "a nullity from the outset." *Carter v. Smith*, 366 S.W.3d 414, 424 (Ky. 2012) (citing BLACK'S LAW DICTIONARY (9th ed. 2009)). A voidable action, on the other hand, "is an action that is valid until it is annulled." *Id.* (citing BLACK'S LAW DICTIONARY (9th ed. 2009)). If an action is void, "[a] court may, in a proper proceeding, vacate it at any time. The lapse of time is no bar to such relief." *Hill v. Walker*,

11

180 S.W.2d 93, 95 (Ky. 1944). Accordingly, if Puckett's termination is void, it can be declared so at any time, regardless of preservation. It would follow that any other adverse employment actions taken by Klein would also be void regardless of how long ago those actions were taken and whether the issue had ever been addressed before. This simply cannot be so.

Regarding judgments, we have previously held that "[t]he generally accepted rule is that where the court has jurisdiction of parties and subject matter, the judgment, if erroneous, is voidable, not void." *Dix v. Dix*, 222 S.W.2d 839, 842 (Ky. 1949). On the other hand, "a personal judgment without such jurisdiction is void." *Hill*, 180 S.W.2d at 95 (citations omitted). Although certainly not binding on this Court, the Industrial Commission Division of the Fourth District Appellate Court of Illinois explained clearly and concisely how this concept of jurisdiction applies to administrative agencies. It said,

> [t]o the extent an agency acts outside its statutory authority, it acts without jurisdiction. The term "jurisdiction," while not strictly applicable to an administrative agency, may be employed to designate the authority of the agency to act. In administrative law, the term "jurisdiction" has three aspects: (1) personal jurisdiction, (2) subject-matter jurisdiction, and (3) the agency's scope of statutory authority. *Business & Professional People for the Public Interest v. Illinois Commerce Comm'n,* 136 Ill.2d 192, 243, 144 Ill.Dec. 334, 555 N.E.2d 693, 716 (1989). A judgment or order is void where it is entered by a court or agency which lacks personal jurisdiction, subject-matter jurisdiction, or the inherent power to enter the particular judgment or order, or where the order is procured by fraud. *Evans v. Corporate Services,* 207 Ill.App.3d 297, 302, 152 Ill.Dec. 191, 565 N.E.2d 724, 727 (1990).

*Siddens v. Industrial Com'n*, 711 N.E.2d 18, 21 (Ill. App. Ct. 1999).

12

In this case, someone within CHFS had the authority to terminate Puckett. It was within the "jurisdiction" of CHFS to do so. The fact that an individual who was not properly delegated the appointing authority to terminate Puckett signed his termination letter does not make his termination void. It merely makes his termination voidable. We can find nothing in our precedent that would make CHFS's actions in this case void.

Puckett relies on *Commonwealth, Tourism Cabinet v. Stosberg* for the proposition that an agency's failure to comply with statutory requirements in imposing employee discipline makes that disciplinary action void. 948 S.W.2d 425 (Ky. App. 1997). However, the facts of that case, and the way in which the Tourism Cabinet took its disciplinary action in that case, stand in stark contrast to the actions taken by CHFS in this case. In *Stosberg*, the Tourism Cabinet involuntarily transferred a classified employee with status but deemed the transfer a promotion.[3] *Id.* at 427. In doing so, the Tourism Cabinet essentially ignored the statutory scheme regarding employment penalizations and failed to follow it all together. The Court of Appeals held that the Tourism Cabinet had "refus[ed] to implement the protections prescribed in KRS 18A.095" and had "**no authority**" to do so. *Id.* (emphasis added). Because the Tourism Cabinet failed to comply with "the mandatory provision of KRS

---

[3] An involuntary transfer is a "penalization" as defined in KRS 18A.005(24) that triggers the rights of employees listed in KRS 18A.095.

13

18A.095(2) that such penalization be only 'for cause[,]'" the Court of Appeals held that Stosberg's transfer was void ab initio.[4] *Id.* at 428.

In the case before us, CHFS attempted to comply with KRS 18A.095 in terminating Puckett. It provided him with an intent to dismiss letter as required by KRS 18A.095(2), and Puckett and his attorney were permitted to appear personally and be heard in response to this intent to dismiss as required by KRS 18A.095(5). Puckett was then notified in writing of his dismissal pursuant to KRS 18A.095(7) and permitted to appeal his dismissal to the Board. The fact that Klein, who did not have the proper appointing authority to terminate Puckett, signed Puckett's termination letter does not make his termination void. CHFS committed a mere procedural error in the manner in which it effected Puckett's termination. This error does not implicate the same "lack of authority" displayed by the actions of the Tourism Cabinet in *Stosberg.*

Accordingly, Puckett's termination is merely voidable, as opposed to void. As such, review of Klein's authority to terminate Puckett is not reviewable "at any time" in the way that a void action would be. The issue needed to be preserved by presentation to the hearing officer or the Board, but it was not. Accordingly, it was improper for the circuit court to remand Puckett's case to the Board on an issue that was not preserved.

---

[4] The provision that prohibits penalization of classified employees with status "except for cause" is now found in KRS 18A.095(1).

14

## IV. CONCLUSION

For the foregoing reasons, we affirm the Court of Appeals and reinstate the Board's order terminating Puckett from his employment with CHFS.

All sitting. All concur.

COUNSEL FOR APPELLANT:

David Lindsay Leightty
Alison Meredith Messex
Priddy, Cutler, Naake & Meade, PLLC

COUNSEL FOR APPELLEE, CABINET FOR HEALTH & FAMILY SERVICES:

Wesley Warden Duke
Ashley Genevieve Kennedy
Catherine Elaine York
Office of Legal Counsel

COUNSEL FOR APPELLEE, KENTUCKY PERSONNEL BOARD:

Stafford Easterling
Mark Albert Sipek

COUNSEL FOR AMICUS, KENTUCKY PERSONNEL CABINET:

Catherine Marie Stevens