BOARD OF REGENTS OF MURRAY STATE UNIVERSITY; and M. Ronald Christopher; Jere McCuiston; Bill Morgan; Jerry Woodall; Steven L. West; and Terry Clark, Members of the Board of Regents of Murray State University, in both their Official and Individual Capacities, Movants,

v.

Dr. Constantine W. CURRIS, President of Murray State University, Respondent.

Court of Appeals of Kentucky.

July 3, 1981.

Supreme Court Order Denying Motion to Vacate Order of Court of Appeals Aug. 27, 1981.

James O. Overby, Murray, for movants.

William A. Logan, Madisonville, Wm. Donald Overby, Murray, for respondent.

Before HAYES, C. J., and HOGGE and WILHOIT, JJ.

## OPINION AND ORDER

HOGGE, Judge.

Movants seek relief pursuant to CR 65.07 from a Calloway Circuit Court judgment enjoining regents McCuiston, Morgan, West, and Clark from participating in their capacity as members of the Board of Regents of Murray State University in any hearing on those charges scheduled for hearing on March 28, 1981, against respondent. As set forth in *Maupin v. Stansbury*, Ky.App., 575 S.W.2d 695 (1978), a temporary injunction will be set aside on review only if the trial court abused its discretion. Because respondent failed to make a sufficient showing of irreparable injury below, an abuse of discretion occurred in this case, and the Court therefore ORDERS that the motion for CR 65.07 relief be, and it hereby is, GRANTED, and the injunction is hereby dissolved.

KRS 164.360 delineates the procedural and substantive requirements for a

board of regents' removal of a university president. Those requirements include a hearing on preferred charges before the Board, which is indisputably an agency of the Commonwealth of Kentucky. Subject to limited exceptions, none of which are present in this case, exhaustion of administrative remedies must precede judicial review of an administrative agency's action. Thus, even though the court had subject-matter jurisdiction, proper judicial administration mandates judicial deference until after exhaustion of all viable remedies before the agency vested with primary jurisdiction over the matter. *See, e. g., Preston v. Meigs*, Ky., 464 S.W.2d 271 (1971).

The case of *Pritchett v. Marshall*, Ky., 375 S.W.2d 253 (1964), permits judicial review of alleged constitutional violations even if the statute does not provide for such review. *Pritchett* also discusses earlier judicial intervention if adequate relief could not be afforded following the agency proceedings. The circumstances presented in this case, however, are similar to those before the Court in *Hart County Board of Education v. Broady*, Ky.App., 577 S.W.2d 423 (1979), in which the showing of bias was far stronger than in this case but the deposed principal obtained adequate relief following exhaustion of remedies. Adequate relief in this case could similarly be provided, if necessary, following proceedings before the Board.

Respondent correctly contends that *Broady* stands for the proposition that a biased decision maker violates constitutional due process requirements. In that case, however, the determination of bias was made *after* the school board had both conducted a hearing and demoted the principal following a lengthy attempt by a school board member and others to "get Mr. Broady." In contrast, the injunction in the present case preceded the scheduled hearing. Further, this is not a case of uncontroverted allegations of bias. In fact, each enjoined regent testified below that he had not pre-judged the case and would vote on removal based solely on the evidence presented at the hearing.

Finally, respondent relies on the United States Supreme Court's decisions in *Gibson v. Berryhill*, 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973) and *Withrow v. Larkin*, 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975) as authority for judicial intervention to protect against agency prejudice. Both cases are readily distinguishable from this case. In *Gibson*, exhaustion of remedies was unnecessary because, among other reasons, the board members had a substantial pecuniary interest. In *Withrow*, the Court, emphasizing the presumption of honesty and integrity of members of state administrative agencies, found neither prejudice nor prejudgment on the part of the board.

All concur.