KENTUCKY RETIREMENT
SYSTEMS, Appellant/Cross–
Appellee,

v.

Joyce Ann LEWIS, Appellee/Cross–
Appellant.

No. 2002–SC–0516–DG,
2003–SC–0730–DG.

Supreme Court of Kentucky.

March 17, 2005.

As Modified on Denial of Rehearing
June 16, 2005.

Robert W. Kellerman and Jennifer A. Jones, Kentucky Retirement Systems, Frankfort, Counsel for Appellant/Cross–Appellee.

James P. Benassi, Henderson, Counsel for Appellee/Cross–Appellant.

JOHNSTONE, Justice.

Appellee/Cross–Appellant, Joyce Ann Lewis, was employed by the Kentucky River District Health Department, a participating agency in the Kentucky Employees Retirement Systems (KERS). Lewis initially applied for disability retirement benefits in December of 1997. That application was denied. She filed a substantial change application in October of 1999, alleging a worsening of the same condition. A medical examiner reviewed the application and determined that there had not been a substantial change in her condition, and denied the application.

A dispute arose as to the proper procedure for evaluating this application. The heart of the matter was one of statutory interpretation: the agency asserted that the substantial change applications were reviewed by only one medical examiner, while Lewis contended that her substantial change application was to be treated as a second application, allowing review by up to three medical examiners. Lewis therefore appealed the denial of her substantial change application and requested either a hearing or further review by additional medical examiners. A hearing was scheduled. The hearing officer conducted a preliminary conference, and entered recommended orders on Lewis's motions regarding, among other issues, the procedure to be followed by the agency. KERS filed exceptions to the hearing officer's recommended orders; Lewis did not.

Instead, Lewis petitioned the Franklin Circuit Court for a declaratory judgment directing KERS to process the application according to her interpretation of the statute. The circuit court dismissed for lack of jurisdiction, resulting from Lewis's failure to exhaust available administrative remedies, as there had been no final administrative decision on the merits of her application.

Lewis appealed the circuit court's decision. The Court of Appeals reversed, in a 2–1 opinion, finding that KERS had acted *ultra vires* in handling Lewis's second application. When Lewis submitted the substantial change application, KERS submitted it to a single medical examiner pursuant to 105 KAR 1:210 § 13 (1998). The application was denied because the examiner did not detect a substantial change in her condition since denial of her first application in 1997. The Court of Appeals opined that 105 KAR 1:210 § 13 (1998) failed to comport with the statutory procedure set forth in KRS 61.665(2)(e). Pursuant to that statute, if a first medical examiner recommends denial of benefits, the application is submitted to a second examiner. If the two disagree, a third medical examiner reviews the application before the matter is set for a hearing. The Court of Appeals concluded that the due process rights established by KRS 61.665 cannot be abridged by agency regulation and, therefore, KERS was acting *ultra vires* in denying Lewis's application without submission to a second medical examiner. Relying on *Franklin v. Natural Resources & Environmental Protection Cabinet*, 799 S.W.2d 1 (Ky.1990), the Court of Appeals concluded that Lewis was not obliged to exhaust all administrative remedies. The case was remanded.

KERS sought discretionary review by this Court; Lewis filed a cross-motion asserting that the agency's procedural regulations violated existing statutes in several respects. Both motions were granted.

The determinative issue in this matter is whether Lewis is required to pursue administrative remedies to conclusion prior to seeking judicial intervention. We hold that she must.

Exhaustion of administrative remedies is a well-settled rule of judicial administration that has long been applied in this state. *See generally Popplewell's Alligator Dock No. 1, Inc. v. Revenue Cabinet*, 133 S.W.3d 456, 471–72 (Ky. 2004). The exhaustion of remedies doctrine is easily explained: "proper judicial administration mandates judicial deference until after exhaustion of all viable remedies before the agency vested with primary jurisdiction over the matter." *Board of Regents of Murray State University v. Curris*, 620 S.W.2d 322, 323 (Ky.App.1981). The doctrine does not preclude judicial review, but rather delays it until after the expert administrative body has compiled a complete record and rendered a final decision. *Popplewell's*, 133 S.W.3d at 471. Exceptions to this principle do exist: a party is not required to exhaust all administrative remedies when the statute is alleged to be void on its face. *Goodwin v. City of Louisville*, 309 Ky. 11, 215 S.W.2d 557, 559 (1948). Exhaustion of remedies is likewise not required when continuation of an administrative process would amount to an exercise in futility. *Popplewell's*, 133 S.W.3d at 471. This is the case when a complaint "raises an issue of jurisdiction as a mere legal question, not dependent upon disputed facts, so that an administrative denial of the relief sought would be clearly arbitrary." *Goodwin*, 215 S.W.2d at 559.

Bearing these principles in mind, we turn to the present matter. KRS Chapter 13B governs the Kentucky Retirement Systems' administrative process. *See* KRS 61.645(16) and KRS 61.665(3). The Board of Trustees of Kentucky Retirement Systems is responsible for entry of final administrative orders and is the agency head as defined by KRS 13B.010(4). Upon request, claimants are assigned a hearing officer to consider administrative appeals. KRS 13B.030. The hearing officer rules on preliminary motions and enters recommended orders regarding all issues raised during the administrative process. KRS 13B.090; KRS 13B.110. The agency head issues the final order and may adopt, reject or modify the hearing officer's recommended order, or remand that matter to the hearing officer for further proceedings. KRS 13B.120. KRS 13B.140(1) provides that all final orders of an agency are subject to judicial review.

The agency head in this matter, the Board of Trustees of Kentucky Retirement Systems, neither considered Lewis's claim nor entered a final order. In fact, the hearing officer has not yet fully considered Lewis's claim: the hearing officer had issued recommended orders on only miscellaneous, preliminary issues, but no hearing on the merits of Lewis's claim has been conducted. The actual hearing on Lewis's claim was scheduled for October 24, 2000, but was held in abeyance pending resolution of the declaratory judgment action filed by Lewis in the Franklin Circuit Court. It is our conclusion from review of the record that Lewis has not exhausted all administrative remedies available—no final order has been issued and indeed a hearing officer has yet to consider the merits of her claim.

Moreover, none of the exceptions to the exhaustion of remedies doctrine apply. Lewis has not alleged that any applicable statute or regulation is void on its face. Rather, Lewis is complaining about KERS' prospective application of 105 KAR 1:210: specifically, that KERS' *proposed* application of 105 KAR 1:210 to her claim *would*

*be* in conflict with KRS 61.665(2)(e). This is essentially an assertion that the regulation is unconstitutional as applied, not a constitutional challenge that would otherwise relieve a party of the duty to exhaust administrative remedies. This distinction was explained in *Commonwealth v. DLX, Inc.*, 42 S.W.3d 624 (Ky.2001):

> When an administrative agency applies a statute unconstitutionally, it acts beyond the bounds of the constitution, rather than passing on a constitutional question. In other words, until a statute has been applied, there can be no unconstitutional application. This is the basis for the rule that one must first show injury as the result of a statutory application, before that application may be attacked as unconstitutional. Thus, exhaustion of administrative remedies is not futile to an as-applied challenge to a statute. Quite the contrary, it is the administrative action which determines the extent, if any, of the constitutional injury.

*Id.* at 626 (internal citation omitted). Judge Johnson expressed the same view in his dissent in the present case: "until KERS has finally decided Lewis' disability claim raised in her second application, it is premature to rule that the agency acted unconstitutionally."

The Court of Appeals erred in holding that Lewis was relieved of her obligation to exhaust all administrative remedies due to an inconsistency between 105 KAR 1:210 and KRS 61.665(2)(e). Lewis was obliged to obtain a final order from the agency before seeking judicial redress. Therefore, we reverse the Court of Appeals and reinstate the judgment of the Franklin Circuit Court.

All concur.