COMMONWEALTH of Kentucky,
UNINSURED EMPLOYERS'
FUND, Appellant

v.

COUNTY OF HARDIN PLANNING
AND DEVELOPMENT COMMIS-
SION; Poplar Brook Development,
LLC.; First Federal Savings Bank of
Elizabethtown, Inc.; and Glenn and
Sandra Turner, Appellees.

and

Poplar Brook Development,
LLC., Cross–Appellant

v.

Commonwealth of Kentucky,
Uninsured Employers Fund,
Cross–Appellee.

Nos. 2011–CA–001553–MR,
2011–CA–001632–MR.

Court of Appeals of Kentucky.

Nov. 9, 2012.

C.D. Batson, Assistant Attorney General, Uninsured Employers' Fund, Frankfort, KY, for appellant/cross-appellee.

Matthew C. Hess, Elizabethtown, KY, for appellee/cross-appellant Poplar Brook Development, LLC.

Before DIXON, MOORE and THOMPSON, Judges.

## OPINION

DIXON, Judge:

Appellant, the Uninsured Employer's Fund ("UEF"), appeals from a judgment of the Hardin Circuit Court awarding damages to Appellee, Poplar Brook Development, LLC, for a reverse taking of real property resulting from an invalid lien. Poplar Brook has filed a cross-appeal on the issue of jury instructions. Finding no error, we affirm the trial court.

This case has a long and tortured history. In September 2006, Hardin County initiated an action in the Hardin Circuit Court seeking an injunction against Poplar Brook following Poplar Brook's failure to renew its development bond for a subdivision that it was developing in Hardin County. Hardin County named as defendants Poplar Brook; First Federal Savings Bank of Elizabethtown, the mortgage holder; subdivision lot owners, Glenn and Sandra Turner; and the Uninsured Employers Fund, who held a lien on the property.

Shortly after filing its complaint, Hardin County filed a motion challenging the validity of the UEF's lien on the property. UEF had filed the lien in question in 2004

at the outset of a workers' compensation proceeding initiated by Timothy Hannah, a laborer who was injured while working a construction job at a house in the subdivision. Poplar Brook was named as a defendant in the proceeding, as was a contractor and subcontractor. Because none of the defendants therein had workers' compensation coverage, Hannah also named UEF as a party. As a result, UEF filed a lien pursuant to Kentucky Revised Statutes (KRS) 342.770[1] against the Poplar Brook property.

Significantly, however, in October 2004, the Administrative Law Judge (ALJ) ruled that Poplar Brook was not an employer liable for any compensation. Despite such ruling, UEF neither filed an appeal to the Workers' Compensation Board nor released the lien. It is directly due to the UEF lien that Poplar Brook was unable to renew its development bond and became subject to the action filed by Hardin County.

In October 2006, Poplar Brook filed a counter-claim against UEF seeking damages for slander of title and inverse condemnation. Poplar Brook thereafter also joined Hardin County's motion challenging the validity of the UEF lien. By order entered November 9, 2006, the trial court ruled that the UEF lien was invalid. In so doing, the court determined:

[KRS 342.770] allows UEF to file a lien against the property of an "employer"

who has not complied with the provisions of KRS Chapter 342. Some confusion is created by the language in KRS 342.770(1) which refers to "the employer, or any other person against whom a claim is filed and who is not exempt by KRS 342.630 or 342.650...." Comparing this reference to the remainder of the statute makes it clear that, while a person other than an "employer" can have liability under certain provisions of KRS Chapter 342, a lien may be filed only against an "employer." KRS 342.770(2) specifically addresses the certificate which constitutes a lien and indicates that it may be filed with respect to the employer's property.

Over two years ago, an administrative law judge determined who the employer was in this particular case, and it was not Poplar Brook. Even so, UEF maintains that it is entitled to continue the lien against Poplar Brook's property and that this Court has no authority to even question the validity of that lien....

It is true that certain questions are subject to the exclusive jurisdiction of the Workers' Compensation Board.... The case before this Court is distinguishable. This case involves a lien against property, the validity of which is traditionally a matter for determination by the circuit court where the property is located. Poplar Brook as well as arguably Har-

1. KRS 342.770(1) provides in relevant part:

(1) Upon the filing of a claim the commissioner shall ascertain whether the employer, or any other person against whom a claim is filed and who is not exempt by KRS 342.630 or 342.650, has secured payment of compensation by either securing insurance coverage or qualifying as a self-insurer pursuant to KRS 342.340. Upon determination that any employer under this chapter has failed to comply with the provisions of KRS 342.340, the commissioner shall record, as provided by subsection (2)

of this section, a certificate prepared and furnished him or her by the general counsel showing the date on which such claim was filed, the date of the injury alleged, the name and last known address of the employer against whom it was filed, and the fact that the employer has not secured the payment of compensation as required. Upon recordation, such certificate constitutes a valid lien against the assets of the employer in favor of the uninsured employers' fund for the whole amount which may be due as compensation....

din County are entitled to seek a determination as to the validity of the lien. This could be determined either as a request for declaratory relief or as an action to quiet title by determining the validity of the lien. KRS 411.120.

. . . .

A determination has been made that the employer is someone other than Poplar Brook. Yet, a lien continues on the property of Poplar Brook which inhibits the ability of that owner to use its property. The Court is presented with nothing to show that the decision of the ALJ from over two years ago is being reviewed or is even subject to review at this time by the Workers' Compensation Board or any court. In these circumstances, it must be determined that the UEF lien is not valid in that it has been filed against a person who is not the employer with reference to the claim being addressed by the Workers' Compensation agency. KRS 342.770(2).

UEF thereafter appealed the trial court's ruling. However, by an opinion and order rendered in April 2008, a panel of this Court dismissed the appeal, finding that such was interlocutory. The panel noted that the trial court's order did not adjudicate the rights of all the parties to the action and did not include any Kentucky Rules of Civil Procedure (CR) 54.02 finality language.

In February 2009, the trial court entered a second order, again finding the lien invalid and including the necessary finality language. The court recognized that the final outcome of the lien's validity could render all other issues moot and thus was a final and appealable issue. The finality of the decision was again recognized by the trial court in an order entered in April 2009. Nevertheless, UEF chose not to appeal the decision and instead sought a writ of prohibition, which was dismissed on the grounds that the trial court had proper jurisdiction.

Subsequently, UEF filed a motion to dismiss Poplar Brook's counter-claims, arguing that such were barred by sovereign immunity. By order entered December 30, 2009, the trial court dismissed Poplar Brook's claim against the UEF for slander of title on grounds of sovereign immunity. However, the court further determined that:

> The Commonwealth cannot claim immunity if it violates specific provisions of the state constitution prohibiting an uncompensated taking. The UEF has no immunity from liability for an inverse taking in violation of the Kentucky Constitution. *Comm. v. Kelley,* 314 Ky. 581, 236 S.W.2d 695 (1951). . . .

> It remains to be seen whether Poplar Brook can prove a sufficient injury to constitute a taking as contemplated by Sections 13 or 242 of the Kentucky Constitution. Because Poplar Brook may be able to establish such a claim, it would be improper to grant a motion to dismiss as to this claim.

The trial court specifically noted in the order that a denial of a motion to dismiss based on the grounds of immunity may be appealed as an interlocutory order. *See Breathitt County Bd. Of Educ. v. Prater,* 292 S.W.3d 883, 886 (Ky.2009). UEF did not file an appeal.

In April 2011, the trial court denied another motion to dismiss filed by UEF, this time on the grounds that Poplar Brook had failed to exhaust administrative remedies. The trial court ruled that Poplar Brook "has a claim for inverse taking due to an alleged wrongful lien on property in this county. There is no issue of exhaustion of remedies through an administrative process for such a claim, and the circuit court has jurisdiction."

The case thereafter proceeded to trial on April 28, 2011. Poplar Brook presented uncontradicted evidence that the pendency of the substantial UEF lien prevented it from renewing its required development bond for the subdivision. As a result, the roads within the subdivision, which could not be completed, deteriorated substantially. Poplar Brook also introduced uncontradicted evidence that the cost to repair the damaged roads was $264,000. At the close of evidence, UEF moved for a directed verdict on the grounds that no taking had occurred. The motion was denied and the trial court ruled that a taking had occurred as a matter of law. The jury thereafter returned a verdict awarding Poplar Brook $391,000 in damages.

The trial court subsequently denied UEF's motion for a judgment notwithstanding the verdict (JNOV). The trial court did rule, however, that the damages were excessive, and opined that the jury likely erroneously included interest and attorney's fees in its award. As such, the court reduced the award to $264,000 to conform to the evidence presented at trial. UEF thereafter appealed to this Court.

On appeal, UEF first argues that the Hardin Circuit Court did not have jurisdiction to rule on the validity of the lien in question. UEF contends that because the lien was statutory in nature and mandated by KRS 342.770, the Workers' Compensation Board had exclusive jurisdiction, and the trial court had no authority to invade the province of the administrative agency and interpret provisions of Chapter 342. We disagree.

■ At the outset, we agree with Poplar Brook that UEF failed to properly appeal this issue after the trial court's order declaring the lien invalid was made final and appealable. Even the trial court in its December 2009 order recognized that "the UEF may no longer question the correct-

ness of [the trial court's] determination that the UEF lien should not have been on the property of Poplar Brook." Further, we are of the opinion that the issue was again resolved when a panel of this Court denied the UEF's Writ of Prohibition on the grounds that the trial court had jurisdiction to address the validity of a lien on property located within its circuit.

■ Notwithstanding UEF's procedural deficiencies, it is clear that circuit courts have jurisdiction over disputes and interests in real property located in their jurisdiction. *See* KRS 452.400 and KRS 411.120. We are of the opinion that the trial court correctly analogized this case to *Commonwealth v. Van Meter*, 301 Ky. 132, 190 S.W.2d 668 (1945), wherein Kentucky's then-highest court was asked to determine whether the circuit court had jurisdiction to rule on the validity of an inheritance tax lien placed on real property by another state agency. In holding that jurisdiction was proper, the Court stated:

Since this is an action by the appellees to quiet their title to property against which the state is asserting an inheritance tax lien; since it is not disclosed by the record nor contended by the appellants that a proceeding was pending in any other court wherein the taxability of the transfers in question or liability therefor might be determined; and since the land is located in and the appellees are residents of Clark county, it is our view that appellants' objection that the Clark circuit court was without jurisdiction is untenable.

*Id.* at 670.

Herein, a determination had been made in the underlying workers' compensation matter that Poplar Brook was not the employer. Nevertheless, there was no evidence that such determination was ever appealed or even subject to review after

two years had lapsed. To accept the UEF's position that because the lien was authorized under KRS 342.770 and was therefore incapable of being challenged in any forum other than a workers' compensation proceeding, would result in a total lack of a remedy for a party situated as Poplar Bluff is in this case.

The Hardin Circuit Court has expansive and general jurisdiction over matters involving Hardin County real property. The court was not being asked to rule on benefits or employment issues. Rather it was merely being asked to determine the validity of a lien on Poplar Brook's property following a determination that it was not the employer and thus not subject to a lien under KRS 342.770. Under such circumstances, the trial court's jurisdiction was certainly proper.

■ UEF next claims that it was entitled to a dismissal on the grounds that Poplar Brook failed to exhaust administrative remedies. UEF contends that pursuant to *Commonwealth v. DLX, Inc.*, 42 S.W.3d 624 (Ky.2001), a party is exempt from exhausting its administrative remedies only where it is attacking the constitutionality of a statute or regulation, which did not occur herein. Further, UEF takes the perplexing position that it is irrelevant whether a specific remedy is available in the administrative system, since a party can thereafter seek relief in the Court of Appeals or Supreme Court. We find no merit in this argument.

In *Kentucky Retirement Systems v. Lewis*, 163 S.W.3d 1, 3 (Ky.2005), our Supreme Court explained,

> Exhaustion of administrative remedies is a well-settled rule of judicial administration that has long been applied in this state. *See generally Popplewell's Alligator Dock No. 1, Inc. v. Revenue Cabinet*, 133 S.W.3d 456, 471–72 (Ky.2004). The exhaustion of remedies doctrine is

easily explained: "proper judicial administration mandates judicial deference until after **exhaustion of all viable remedies before the agency vested with primary jurisdiction over the matter.**" *Board of Regents of Murray State University v. Curris*, 620 S.W.2d 322, 323 (Ky.App.1981). The doctrine does not preclude judicial review, but rather delays it until after the expert administrative body has compiled a complete record and rendered a final decision. *Popplewell's*, 133 S.W.3d at 471. Exceptions to this principle do exist: a party is not required to exhaust all administrative remedies when the statute is alleged to be void on its face. *Goodwin v. City of Louisville*, 309 Ky. 11, 215 S.W.2d 557, 559 (1948). Exhaustion of remedies is likewise not required when continuation of an administrative process would amount to an exercise in futility. *Popplewell's*, 133 S.W.3d at 471. [Emphasis added].

Poplar Brook asserted a claim for inverse taking due to the wrongful UEF lien remaining on its property. The administrative process resulted in a determination that Poplar Brook was not an employer and as such, the UEF's statutory lien pursuant to KRS 342.770 was invalid. As the trial court aptly noted,

> UEF suggests that Poplar Brook did not exhaust administrative remedies. This argument is illusory. Almost seven years ago, an administrative law judge determined that Poplar Brook was not an employer subject to a lien. Although UEF suggests that Poplar Brook could have taken some action within the executive branch agency, it has not established what such action would be. Poplar Brook would be placed in a position of appealing a finding that was favorable to it, and the agency would have no motive to seek or grant further internal

review. Concurrent jurisdiction exists for the Court and the agency as to liens on property. Perhaps the courts should defer to the agency when an action is filed. But if the agency refuses to act, then the courts must be able to provide relief.

As a result of inaction, liens with no merit may be maintained indefinitely to coerce payment, even if the payment is forced from a party who is not responsible to make that payment.... For Poplar Brook not to be able to seek relief in the circuit court by removal of an improper lien and damages directly resulting to the property would amount to a wrong without a remedy, which should not be countenanced in the circumstances presented by this case.

We agree with the trial court that there simply is no issue of exhaustion of all viable remedies because it is the trial court that is vested with primary jurisdiction to determine whether the lien resulted in a taking subject to damages.

UEF next argues that its lien on Poplar Brook's property did not rise to the level of an unconstitutional taking. In fact, it is UEF's belief that because the Workers' Compensation Act requires the filing of a lien on the property of uninsured employers, doing so can never constitute a taking. Again, we disagree.

■ Inverse condemnation is the term applied to a suit against a government to recover the fair market value of property which has in effect been taken and appropriated by the activities of the government when no eminent domain proceedings are used. In *Commonwealth, Natural Resources and Environmental Protection Cabinet v. Stearns Coal and Lumber Co.,* 678 S.W.2d 378 (Ky.1984), a landowner brought an inverse condemnation action against the Commonwealth as result of alleged restrictions placed on the landowner's use of land by the Commonwealth's enforcement of the Wild Rivers Act. Relying upon the United States Supreme Court's decision in *Penn Central Transportation Co. v. City of New York,* 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978), the *Stearns* Court listed several factors which are relevant to ascertaining whether an act amounts to a taking. Such elements include (1) the economic impact of the law on the claimant, (2) the extent to which the regulation has interfered with distinct investment-backed expectations, (3) the "character" of the governmental action, that is whether the action is a physical invasion versus a public program adjusting the benefits and burdens of economic life to promote the common good, (4) what uses the regulation permits, (5) whether the inclusion of the protected property was not arbitrary or unreasonable, and (6) whether judicial review of the agency decision was available. *Stearns,* 678 S.W.2d at 381.

■ Certainly, the circumstances in this case are unique in that UEF did not take any legislative or regulatory action which limited the use of the Poplar Brook Property. Rather, the UEF lien encumbered the property, resulting in the termination of financing which brought any development of the property to a halt. As the trial court observed,

A claim for inverse taking must be recognized. While not the usual conception of a temporary taking, this case presented a real and substantial injury to a property owner resulting from an invalid state lien.... [B]ecause the offender is the state, inverse taking may apply due to the temporary (years in this case) interruption to the owner's ability to use the property with clearly established resulting damage.

It is plainly apparent from UEF's brief to this Court that the agency simply does not comprehend the implications of its actions. In discussing the *Stearn's* factors, UEF first states that while Poplar Brook was economically impacted by an increase in costs as a result of the lien, UEF was also impacted when it was required to pay workers' compensation benefits because of "[Poplar Brook's] failure to carry workers' compensation insurance...." Further, with respect to the character of the government action, UEF contends that the lien was issued "to protect the Commonwealth from the sins of the appellees, and but for the negligence and undercapitalization of the appellees, would have had no effect at all."

We are of the opinion that UEF's position is a blatant and intentional disregard of the rulings of both the ALJ and trial court. Poplar Brook was not an employer, and thus not liable under the Workers' Compensation Act and unquestionably not subject to the UEF lien. We agree with the trial court that continuation of the lien unconstitutionally encumbered Poplar Brook's property and constituted a compensable taking.

■ UEF next argues that it was entitled to a directed verdict because Poplar Brook failed to produce sufficient evidence of damages. However, we agree with Poplar Brook that UEF did not preserve the issue. A review of the trial video confirms that UEF's directed verdict motion and the lengthy discussion that ensued pertained solely to the sufficiency of the evidence to support a taking. Absolutely no reference was made to damages. Indeed, in denying UEF's motion for a JNOV on the same grounds, the trial court also ruled that UEF failed to raise any issue of damages in its directed motion.

UEF also claims that the trial court erred in permitting the jury to consider anything more than nominal damages. Specifically, UEF argues that the instructions required the jury to award the lesser of the diminution in the fair market value or the reasonable cost of repair to the property. Because there was no evidence introduced at trial on the fair market value of Poplar Brook's property, UEF contends that the jury could award nothing more than nominal costs. We disagree.

During the discussion on instructions, the trial court commented that it had relied upon the decision in *Ellison v. R & B Contracting, Inc.*, 32 S.W.3d 66, 70–71 (Ky. 2000), wherein the Kentucky Supreme Court stated:

> [W]e hold that in future cases where a claimant seeks compensation in the form of repair costs for an injury to land, trial courts shall require the jury to find whether the injury may be repaired at a cost less than the diminution in the value of the property, and, if the jury finds otherwise, limit the claimant's recovery to the diminution in the value of the property. The following sample damages instruction taken almost verbatim from J. Palmore and R. Eads, *Kentucky Instructions to Juries*, § 39.12 (Anderson Publishing Co. 1989) accomplishes this purpose:

> INSTRUCTION NO. ___
>
> If you find for P you will determine from the evidence and award [P] the *lesser* of the following two amounts:
>
> (A) the reasonable cost of restoring [P's] property to substantially the same condition as immediately before it was damaged by [ ].
>
> OR
>
> (B) the difference between the fair market value of [P's] entire property immediately before and immediately after the property was damaged, not to exceed ___.

"Fair market value" is the price that a person who is willing but not compelled to buy would pay and a seller who is willing but not forced to sell would accept for the property in question.

Indeed, the trial court's instruction herein was virtually identical to that approved in *Ellison.*

Furthermore, like Poplar Brook, the plaintiffs in *Ellison* failed to introduce any evidence of a diminution in the fair market value of their property. In holding that such did not preclude them from recovering the repair costs, the *Ellison* Court held that reasonable inferences may be drawn from evidence of restoration costs. Quoting Kentucky's then-highest court, the *Ellison* Court reiterated,

> [W]hen the owner has proved what it reasonably cost him to make the building conform to the contract it should not be necessary for him to go into the question of market value unless that question is raised by the defense. In the absence of evidence to the contrary it would ordinarily be presumed (and our decisions have tacitly recognized this) that as between a willing seller and a willing buyer of a new building known to be in need of certain repair work the anticipated cost of the remedial work would reduce the price by an equivalent amount. So, unless there is evidence to inject it, the question of market value need not be considered....

*Ellison,* 32 S.W.3d at 75. (Quoting *State Property and Buildings Commission v. H.W. Miller Construction Co.,* 385 S.W.2d 211, 214 (Ky.1964)). *See also Newsome v. Billips,* 671 S.W.2d 252, 255 (Ky.App.1984) ("The Newsomes' proof was based solely on the cost to cure by repair. They did not offer any direct proof of the difference in the fair market value of their property immediately before and immediately after the alleged damages.... [I]t may be presumed that the anticipated cost of repair would reduce the value by an equal amount.")

In the instant case, it is significant that neither party introduced any evidence at trial pertaining to fair market value. We are not persuaded by UEF's argument that the lack of such proof precluded any award of damages under the instruction. Poplar Brook introduced uncontradicted evidence showing that the cost to repair the property and return it to its prior state was $264,000. In the absence of anything to the contrary, we believe that such evidence created a reasonable inference as to the diminution in fair market value of the subject property. Thus, the award of damages was proper.

Finally, Poplar Brook has filed a cross-appeal challenging the trial court's instructions. Specifically, citing a California case, *Pacific Gas and Electric Co. v. San Mateo County,* 233 Cal.App.2d 268, 43 Cal.Rptr. 450 (1965), Poplar Brook argues that the instructions were erroneous in that they required an award of the lesser of diminution in value and repair costs instead of solely repair costs. We have previously found that the instructions were proper under the facts of this case. Further, because we are affirming the trial court, this cross-appeal is essentially moot.

For the reasons stated herein, the judgment of the Hardin Circuit Court is affirmed.

ALL CONCUR.