**Affirmed and Memorandum Opinion filed December 12, 2017.**



In The

# Fourteenth Court of Appeals

---

**NO. 14-16-00910-CR**
**NO. 14-16-00911-CR**

---

**JAMES WILLIAM UTZMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1438869 & 1441645**

---

## M E M O R A N D U M   O P I N I O N

Appellant James William Utzman pleaded guilty to possessing a controlled substance and assaulting a public servant, and the trial court placed him on deferred adjudication community supervision. Ultimately, the trial court adjudicated appellant's guilt for each offense. In three issues, appellant contends that his trial counsel at the adjudication hearing rendered ineffective assistance of counsel. We affirm.

## I.   BACKGROUND

The State alleged that appellant violated the terms and conditions of his community supervision in both cases by (1) committing an offense against the laws of the State, i.e., the offense of "Drug/Sales, Manufacturing and Possession," and (2) failing to obtain suitable employment and providing written verification. In the assault case, the State also alleged that appellant violated the terms and conditions by (1) failing to avoid injuries or vicious habits, i.e., using methamphetamine, and (2) failing to pay a fine and court costs and being in arrears in the amount of $160. In the possession case, the State alleged that appellant violated the terms and conditions by failing to pay a supervision fee and being in arrears in the amount of $78. Appellant pleaded "not true" to all of the allegations.

The State adduced testimony from several witnesses, including appellant's probation officer and a chemist. The probation officer testified that appellant had never been employed during the term of his probation. She testified that she observed the results of a urinalysis field test performed at appellant's hotel room, which showed that appellant tested positive for methamphetamine.

The chemist testified that she tested a substance recovered from appellant's hotel room, and it was 496.42 grams of testosterone cypionate. She testified that testosterone is a controlled substance in penalty group three.

Appellant testified that the items in his hotel room were for making "vapor juice" or "E-juice" for use in personal vaporizers—an alternative to cigarettes. He intended to sell the vapor juice in small vials. He testified that he was not behind on paying fines and fees, but he admitted that it would be "fair" for the court to find that he violated his community supervision based on his failure to show that he had been employed.

2

The trial court found all of the State's allegations "true." Neither party adduced additional evidence at punishment, and the court sentenced appellant to 180 days' confinement in the possession case and five years' confinement in the assault case.

The record contains no motion for new trial or associated hearing.

## II. ANALYSIS

In three issues, appellant contends that trial counsel rendered ineffective assistance by (1) failing to challenge the reliability and admissibility of the field urinalysis test, and eliciting unqualified expert testimony from the probation officer regarding the reliability of the test; (2) not cross-examining the chemist regarding her methodology or her decision to test only one of the items seized from the hotel room; and (3) failing to present mitigating evidence during the punishment phase.

### A. Standard of Review and Legal Principles

To prevail on a claim of ineffective assistance, an appellant must show that (1) counsel's performance was deficient by falling below an objective standard of reasonableness and (2) counsel's deficiency caused the appellant prejudice—there is a probability sufficient to undermine confidence in the outcome that but for counsel's errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *Perez v. State*, 310 S.W.3d 890, 892–93 (Tex. Crim. App. 2010). An appellant must satisfy both prongs by a preponderance of the evidence. *Perez*, 310 S.W.3d at 893.

Generally, a claim of ineffective assistance may not be addressed on direct appeal because the record usually is not sufficient to conclude that counsel's performance was deficient under the first *Strickland* prong. *See Andrews v. State*, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005); *see also Salinas v. State*, 163 S.W.3d

3

734, 740 (Tex. Crim. App. 2005) ("A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim."). "Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation." *Salinas*, 163 S.W.3d at 740. "To overcome the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* (quotation omitted).

We must presume that trial counsel's performance was adequate unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *State v. Morales*, 253 S.W.3d 686, 696–97 (Tex. Crim. App. 2008) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)). To overcome the hurdle of establishing deficient performance on direct appeal, "the record must demonstrate that counsel's performance fell below an objective standard of reasonableness as a matter of law, and that no reasonable trial strategy could justify trial counsel's acts or omissions, regardless of his or her subjective reasoning." *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011).

## B. Urinalysis Test and Cross-Examination of Probation Officer

In his first issue, appellant contends that trial counsel was ineffective by not challenging the reliability and admissibility of the urinalysis test and by eliciting unqualified expert testimony from the probation officer.

By failing to challenge the admissibility of the scientific evidence concerning the urinalysis test in the trial court, appellant never placed the burden on the State to establish the reliability of the test. *See State v. Esparza*, 413 S.W.3d 81, 86 (Tex. Crim. App. 2013). Appellant has not demonstrated that the trial court would have committed harmful error in overruling an objection to the urinalysis evidence if trial

4

counsel had objected. *See DeLeon v. State*, 322 S.W.3d 375, 381 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) ("To establish ineffective assistance of counsel based on a failure to object, appellant must demonstrate that the trial court would have committed harmful error in overruling the objection if trial counsel had objected."). Accordingly, appellant has not shown deficient performance based on trial counsel's failure to challenge the reliability of the urinalysis test. *See id.*

Regarding trial counsel's cross-examination of the probation officer, appellant contends that counsel bolstered the probation officer's testimony as follows:

Q. You stated that you did not personally perform the U.A. but you saw the result; is that correct?

A. Yes, sir.

Q. Is that test a hundred percent accurate?

A. From what I'm guessing it is, yes.

Q. So you're guessing?

A. We use them, and we go with the results. Uh-huh.

Q. You're guessing it's a hundred percent accurate?

A. It's accurate. And we send it off to the lab for confirmation, and they usually come back positive.

Q. Would it be a fair statement to say that those tests can give a false positive?

A. I've never seen one.

The method of cross-examination is "an art, not a science, and it cannot be adequately judged in hindsight." *Ex parte McFarland*, 163 S.W.3d 743, 756 (Tex. Crim. App. 2005). Trial counsel could have believed reasonably that this cross-examination of the probation officer undermined her credibility and the evidence of appellant's use of methamphetamine—the probation officer admitted to "guessing" about the accuracy of the urinalysis and that lab tests "usually" confirm the urinalysis. Appellant's suggestion that cross-examination should have been

5

conducted in a different way does not rebut the presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *See id.*; *see also Resendiz v. State*, 112 S.W.3d 541, 547–48 (Tex. Crim. App. 2003) (holding that the defendant did not rebut the presumption of reasonable professional assistance when the defendant claimed that trial counsel failed to effectively cross-examine the State's expert about reliability).

Appellant's first issue is overruled.

## C.     Cross-Examination of the Chemist

In his second issue, appellant contends that trial counsel was ineffective by failing to adequately cross-examine the chemist regarding her methodology or decision to test only one of nine items that were seized.

Appellant has not demonstrated that the chemist's testimony was inadmissible, as required to prove ineffective assistance regarding a failure to challenge the admissibility of the testimony. *See DeLeon*, 322 S.W.3d at 381. Nor has appellant rebutted the presumption of reasonable professional assistance by merely claiming that cross-examination should have been conducted in a different way. *See Ex parte McFarland*, 163 S.W.3d at 756; *Resendiz*, 112 S.W.3d at 548. The record does not affirmatively demonstrate that counsel was deficient for not questioning the chemist about untested items or the methodology of the testing.

Appellant's second issue is overruled.

## D.     Mitigating Evidence

In his third issue, appellant contends that trial counsel was ineffective for failing to present any evidence to mitigate punishment. Appellant compares this case to *Milburn v. State*, 15 S.W.3d 267, 270 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). In *Milburn*, the defendant presented evidence at a hearing on a motion

6

for new trial. *See id.* at 269. The parties stipulated that twenty of the defendant's relatives and friends would have testified that they had known the defendant a long time and that the jury should have considered the minimum punishment. *Id.* The witnesses would have testified at trial if they had been requested to do so, but trial counsel never contacted them. *Id.* In particular, the defendant's fiancée and employer would have testified favorably for the defendant. *See id.* at 269–70.

Appellant, however, has not identified any mitigating evidence that his trial counsel should have presented. In the absence of a showing that evidence would have been available and favorable to appellant, he cannot establish ineffective assistance based on a failure to present mitigating evidence. *See Bone v. State*, 77 S.W.3d 828, 834–35 (Tex. Crim. App. 2002) (holding that trial counsel was not ineffective for failing to produce more mitigating evidence when the record did not show that other mitigating evidence existed); *Marvaiz v. State*, 840 S.W.2d 415, 434 (Tex. Crim. App. 1992) ("[S]ince appellant does not explain what mitigating evidence his trial counsel should have proffered, we cannot possibly find that a failure to proffer such evidence constituted ineffective assistance."); *see also, e.g.*, *Robinson v. State*, 514 S.W.3d 816, 824 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) ("A defendant complaining about trial counsel's failure to call witnesses must show the witnesses were available and that he would have benefited from their testimony." (quotation omitted)).

Appellant's third issue is overruled.

### III. CONCLUSION

Having overruled all of appellant's issues, we affirm the trial court's judgment.

/s/     Ken Wise
        Justice

Panel consists of Justices Christopher, Brown, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).