CLAYTON, CHIEF JUDGE:
Wayne County Hospital, Inc. ("Hospital") appeals the Jefferson Circuit Court's order granting WellCare Insurance Company of Kentucky, Inc. d/b/a WellCare of Kentucky's ("WellCare") Kentucky Rules of Civil Procedure (CR) 12.02 motion dismissing its complaint. The trial court held that the Hospital failed to exhaust its administrative remedies when it did not avail itself of WellCare's internal procedures to file a grievance or appeal a payment issue.
After careful consideration, we affirm.
BACKGROUND
This case is a breach of contract case wherein the Hospital claimed that WellCare had not reimbursed the Hospital for medical services provided in the emergency room. According to the Hospital, these services, which were provided to members of WellCare's Medicaid managed care program, were not being properly reimbursed in contravention of the Provider Agreement and applicable law. The Hospital's complaint alleged breach of contract, failure to pay the minimum rates required by Kentucky Revised Statutes (KRS) 216.380(13), and violations of Kentucky's Prompt Pay and Unfair Claims Settlement statutes. The complaint also sought declaratory and injunctive relief.
The Hospital is a 25-bed facility in Monticello, Kentucky, that provides inpatient and outpatient services to Medicaid beneficiaries. Under federal and state law, the hospital has been designated as a "Critical Access Hospital" ("CAH") because it is located in a rural area where access to health care services is limited.
On November 1, 2011, the Kentucky Medicaid program transitioned from a traditional "fee-for-service" to a managed care model throughout the entire state. WellCare successfully bid to be one of three Managed-Care Organizations ("MCO") and entered into a contract with the Commonwealth to manage care for Kentucky Medicaid beneficiaries. Administered jointly by the federal and state governments, the Medicaid program provides healthcare benefits to low income individuals and families. To receive Medicaid funding, participating states must comply with federal statutory and regulatory requirements. See 42 U.S.C. §§ 1396a(a) and (b).
WellCare set up its network of provider hospitals and arranged to pay the Hospital an agreed-upon percentage of the rates paid under Medicaid's "fee-for-service" plan. WellCare paid the Hospital for outpatient services provided in the emergency room at agreed upon contract rates and in compliance with statutory minimums for CAHs under KRS 216.380(13). The dispute began after one year elapsed when emergency room services provided to WellCare members at the Hospital were no longer reimbursed in this manner.
*164 In September 2012, whenever the Hospital submitted emergency room claims to WellCare, it no longer paid all the claims 101 percent of costs as allegedly required by the contract and Kentucky law. Instead, WellCare used a "proprietary algorithm" to decide whether services were "medical necessary," and covered under its plan. Sometimes WellCare paid a $50 triage fee, and sometimes it paid nothing.
The Hospital filed its complaint on April 4, 2016. WellCare filed a motion to dismiss the complaint which the trial court granted on December 8, 2016, on the grounds the Hospital failed to exhaust WellCare's internal grievance process prior to filing the lawsuit. Thereafter, the Hospital filed a motion to alter, amend or vacate the trial court's order. The trial court summarily denied this motion on July 12, 2017, because the Hospital did not raise any facts or arguments that were not previously argued.
The Hospital now appeals both orders.
STANDARD OF REVIEW
A trial court should grant a motion to dismiss for failure to state a claim upon which relief can be granted only if it "appears the pleading party would not be entitled to relief under any set of facts which could be proved in support of [the] claim." Pari-Mutuel Clerks' Union of Kentucky, Local 541, SEIU, AFL-CIO v. Kentucky Jockey Club, 551 S.W.2d 801, 803 (Ky. 1977). "In making this decision, the circuit court is not required to make any factual determination; rather, the question is purely a matter of law." James v. Wilson , 95 S.W.3d 875, 883-84 (Ky. App. 2002). Further, under CR 12.02, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue de novo. Fox v. Grayson , 317 S.W.3d 1, 7 (Ky. 2010) (footnotes omitted).
With this standard in mind, we turn to the matter at hand.
ANALYSIS
As highlighted in the Hospital's brief, the question on appeal is quite narrow: did the trial court err in granting WellCare's motion to dismiss the Hospital's complaint for failure to state a claim upon which relief may be granted? We will address the issue herein as it is framed by the Hospital. Both parties have provided numerous arguments concerning a variety of issues; some arguments are unrelated to the dismissal. We will not consider the arguments that are tangential.
The Hospital raises two arguments: first, the action should not have been dismissed because the Hospital's complaint met all conditions precedent pursuant to CR 9.03 ; and second, the trial court erred in holding that the Hospital had not exhausted its administrative regulations as it did not use WellCare's internal grievance process to contest the disputed emergency room charges.
First, we address the Hospital's contention that the trial court erred in granting the motion to dismiss because the Hospital met all conditions precedent, that is, it provided WellCare with timely notice of its claims and requested a payment correction. The Hospital relies on language in the complaint and CR 9.03 to make this argument. The complaint states:
43. [The Hospital] has provided WellCare with timely notice of the Claims at Issue and requested a payment correction but WellCare has failed or refused to comply.
44. All conditions precedent to the relief requested herein have been satisfied.
And CR 9.03 says:
In pleading the performance or occurrence of conditions precedent, it is sufficient *165 to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity.
Initially, we point out that the Hospital raised this argument for the first time in its CR 59.05 motion to alter, amend or vacate. The grounds for making such a motion are limited to the following:
First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. Serious misconduct of counsel may justify relief under this theory. Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.
See Gullion v. Gullion , 163 S.W.3d 888, 893 (Ky. 2005) (quoting 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER , FEDERAL PRACTICE & PROCEDURE § 2810.1 (2d ed.) ). The Hospital did not indicate under which of these grounds it made its motion.
It is well-established that "[a] party cannot invoke CR 59.05 to raise arguments and to introduce evidence that should have been presented during the proceedings before the entry of the judgment." Id. Here, whether this issue was raised prior to judgment is particularly pertinent because our review concerns the legal soundness of the dismissal. It appears the issue was not originally presented to the trial court yet could have been.
According to the Hospital, the purpose of the motion to vacate was to highlight that the trial court made manifest errors of law and to prevent manifest injustice. The Hospital argues that it preserved the "conditions precedent" argument in the memorandum supporting the original motion to dismiss found at pages 385-390 in the record. But a perusal of the memorandum provides no specific mention of "conditions precedent" or even a discussion of the matter.
CR 59.05 motions may be granted if necessary to prevent manifest injustice. But the Hospital, other than stating manifest injustice occurred, did not extrapolate how manifest injustice would occur if the complaint was dismissed. In essence the Hospital never properly preserved the "conditions precedent" argument.
Even if the argument was preserved, it is not persuasive. The Hospital contended throughout the litigation that it had no duty to exhaust the administrative remedies before filing the lawsuit. At no point did the Hospital assert that, besides providing timely notice and requesting a payment correction, it used WellCare's grievance process. We have difficulty understanding the assertion that the conditions precedent to the filing of the complaint were met if the Hospital did not utilize the internal grievance process. Indeed, the statement in the complaint that "[a]ll conditions precedent to the relief requested herein have been satisfied" seems merely self-serving given the failure to participate in the grievance process.
Further, the Hospital argues that WellCare's motion to dismiss improperly mixes questions of law and fact in asserting the Hospital bypassed the administrative remedies. When a motion to dismiss under CR 12.02 is considered, "the pleadings should be liberally construed in a light most favorable to the plaintiff and all allegations taken in the complaint to be true." Littleton v. Plybon , 395 S.W.3d 505, 507 (Ky. App. 2012) (citations omitted). The complaint states that the Hospital gave timely notice and requested a payment correction.
*166 It does not state the administrative grievance procedure was observed. Plainly, the conditions precedent were not met by the Hospital and, consequently, the motion to dismiss was not improper as related to this argument.
Next, the Hospital argues that the trial court erred in holding that the exhaustion of administrative remedies was required by the parties' agreement and by statute.
When this matter was filed, WellCare, as required by state and federal laws, had established internal procedures for providers like the Hospital to file a grievance or appeal of a payment issue. 42 U.S.C.[1] § 1396u-2(b)(4) (2016) ; 907 KAR [2] 17:015(11)(2).[3] Although Kentucky courts have not addressed the exhaustion of these specific administrative remedies, federal courts have held that, prior to the filing of a private cause of action, a provider must comply with the statutorily-imposed grievance process. Prince George's Hospital Center v. Advantage Healthplan Inc. , 985 F.Supp.2d 38, 50 (D.D.C. 2013).
The pertinent federal and state regulations are as follows:
Each medicaid managed care organization shall establish an internal grievance procedure under which an enrollee who is eligible for medical assistance under the State plan under this subchapter, or a provider on behalf of such an enrollee, may challenge the denial of coverage of or payment for such assistance.
42 U.S.C. § 1396u-2(b)(4).
And
(1) An MCO shall have written policies and procedures for the filing of a provider grievance or appeal.
(2) A provider shall have the right to file:
(a) A grievance with an MCO; or
(b) An appeal with an MCO regarding:
1. A provider payment issue; or
2. A contractual issue.
907 KAR 17:015(11) (1) and (2).
The Hospital contends that the only means by which WellCare could require the Hospital to exhaust its internal procedures prior to filing suit would have been to expressly create such an obligation in the parties' contract. But WellCare's Medicaid contract requires an internal grievance and appeal process. WellCare's MCO contract with the Commonwealth states:
The Contractor shall establish and maintain written policies and procedures for filing of Provider grievances and appeals. A Provider shall have the right to file a grievance or an appeal with the Contractor. Provider grievances or appeals shall be resolved within thirty (30) calendar days. If the grievance or appeal is not resolved within thirty (30) days, the Contractor shall request a fourteen (14) day extension from the provider. If the Provider requests the extension, the extension shall be approved by the Contractor. A Provider may not file a grievance or an appeal on behalf of a Member without written designation by the Member as the Member's representative. A Provider shall the right file an appeal with the Contractor regarding provider payment or contractual issues.
Medicaid Managed Care Contract; WellCare of Kentucky, Inc. at page 113. Hence, express language regarding a grievance process is in the contract. The Hospital argues that the process is optional, and nothing mandates that it be observed. If *167 the Commonwealth requires that MCOs have a grievance process and if the process is in the contract, it must be mandatory. Otherwise, the statutory and contractual language is superfluous.
As stipulated in the federal regulations, Congress intended a remedial system for providers to pursue disputes with MCOs over reimbursements for emergency services. See 42 U.S.C. § 1396u-2(b)(4). And the Commonwealth's state administrative regulation mandates specific processes for grievances and appeals. The existence of federal and state statutes mandating such processes counteracts the claim that the process is optional.
As stated by a federal court, "it is clear that Congress intended disputes related to MCO reimbursements to be addressed by those entities' statutorily-mandated grievance procedures, not through the courts." Prince George's Hospital Center , 985 F.Supp.2d at 50. Pragmatically, it is unlikely that the federal government would recommend such disputes going directly to courts given the number of court cases that would be generated and the length of time it would take for the cases to be resolved. Instead, the statutory internal processes indicate that the claims are to be resolved quickly.
The Hospital provides no authority to support its contention that it is not necessary to exhaust administrative remedies or that such actions would be futile. The cases cited by the Hospital are either not on point or can be distinguished. Indeed, no case, state or federal, holds that the grievance and appeal process should not be used prior to filing a lawsuit in disputes involving providers and MCOs.
Finally, the Hospital maintains that because WellCare is a private, for-profit corporation, reliance on the doctrine of administrative exhaustion of remedies is misplaced. But the Hospital ignores that Kentucky courts have long held that where an administrative remedy is provided, exhaustion is required before seeking judicial relief. Commonwealth v. DLX, Inc. , 42 S.W.3d 624, 625 (Ky. 2001) ; Popplewell's Alligator Dock No. 1, Inc. v. Revenue Cabinet , 133 S.W.3d 456, 471-72 (Ky. 2004) ; Kentucky Retirement Systems v. Lewis , 163 S.W.3d 1, 3 (Ky. 2005), as modified on denial of reh'g (June 16, 2005).
In addition, while WellCare is a private entity, it has contracted with the Commonwealth of Kentucky to provide Medicaid services to Kentucky citizens. By taking on this responsibility for the Commonwealth, the doctrine of exhaustion of administrative remedies is relevant to the operation of the MCO.
Hence, we conclude that it was necessary for the Hospital to exhaust its administrative remedies prior to filing an action in circuit court. Consequently, the trial court properly granted the motion to dismiss the complaint.
CONCLUSION
We affirm the Jefferson Circuit Court's order dismissing the Hospital's complaint under CR 12.02 for failure to state a claim upon which relief can be granted.
ALL CONCUR.

United States Code.

Kentucky Administrative Regulations.

This administrative regulation was amended in 2018, and Section 11 was deleted.